## COUTANT v. MASON.

(Supreme Court, Appellate Division, First Department. February 6, 1914.)

1. EVIDENCE (§ 313*)—GIFTS INTER VIVOS—PROOF.

A gift inter vivos as against the estate of the deceased donor cannot be established by evidence of the donor's declarations that he had given the donee the contents of the house occupied by them, under the rule that, where such a gift is not evidenced by a writing, it can only be established by parol proof which is corroborated in all substantial particulars by disinterested witnesses.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1166, 1167; Dec. Dig. § 313.*]

2. GIFTS (§ 49*)—GIFTS INTER VIVOS—EVIDENCE.

Evidence held insufficient to establish a gift inter vivos of the contents of a homestead by a person since deceased to his wife.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 95–100; Dec. Dig. § 49.*]

Appeal from Trial Term, New York County.

Action by Margaret B. Coutant against Jennie C. Mason. From a judgment for plaintiff and from an order denying defendant's motion for a new trial, she appeals. Reversed, and new trial ordered.

See, also, 148 App. Div. 895, 912, 132 N. Y. Supp. 1125.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Charles E. Travis, of New York City, for appellant.
Henry L. Scheuerman, of New York City, for respondent.

DOWLING, J. The plaintiff was married at Wilmington, Del., on April 20, 1909, to Charles A. Coutant, and some months after the marriage came to reside permanently with her husband at 728 St. Nicholas avenue in the city of New York, premises which he had occupied for some years with his former wife down to the time of her death, and thereafter with his daughter, the defendant, and her husband. Mr. Coutant also had a son, Charles A. Coutant, Jr., who resided elsewhere. Coutant died June 1, 1910, suddenly and without leaving a will. About July 28, 1910, the plaintiff removed from her late home,

---

and the defendant told her to take anything and everything with her that belonged to her. The plaintiff then picked out certain furniture and other objects, comprising some two van loads, and at that time made no claim to any other property in the house. Both plaintiff and defendant now claim the contents of the premises by reason of alleged gifts made to them respectively by the deceased.

[1] A jury has, by its verdict, found that the plaintiff's theory of a gift to her by her husband was sustained. This renders it unnecessary to say anything more regarding the defendant's contention that a gift had been made to her of the property in controversy other than such contention is without foundation upon this record. While the plaintiff has produced witnesses who testified to declarations by the deceased that he had given to her all the contents of the house occupied by her and her husband, as well as by the defendant and her husband, their testimony is not, in our opinion, of the character required to sustain a gift inter vivos. The quality of the testimony required to establish such a gift, and the necessity for the proof thereof being of a clear and conclusive character, has been repeatedly laid down, among other cases in Lucas v. Boss, 110 App. Div. 220, 97 N. Y. Supp. 112; In re Schroeder, 113 App. Div. 204, 99 N. Y. Supp. 176; In re Seitz's Estate, 17 App. Div. 1, 44 N. Y. Supp. 836.

[2] In this case testimony was given by witnesses most of whom were concededly friends of the plaintiff, and with whom she transacted business in her capacity as buyer for a department store, limited to general statements made by the deceased, varying from a statement that he had made a present of the belongings in that house to his wife, to another that he had given the furniture in the house to her as a wedding present. There was no attempt to specify what property he had actually given to the wife, nor does it appear that at these conversations, at some of which she herself was present, she had ever said a word to indicate her belief in her ownership of the property. There is testimony that the house at the time of the decedent's death was in practically the same condition as to furniture as it was at the time of the death of his first wife, and it fairly appears that little, if any, furniture had been bought by him in anticipation of his second marriage, or thereafter. Furthermore, there is not a single act of dominion over this property shown to have been exercised by the plaintiff. There was no change of possession, nor does she seem to have done a single thing during her husband's lifetime to indicate that she was, or believed herself to be, the owner of the personal property in his home. It does not appear that any property was bought in her name, or that any policy of fire insurance was procured, either by him or her, upon the property or any part thereof.

Having in view the rigid rules of proof applicable to cases of an alleged gift inter vivos where the death of the alleged donor makes successful opposition to a claim first asserted after his death very difficult for his heirs, the reason for the rule becomes apparent requiring the establishment of such gift by evidence possessing the highest probative force.

We find no such evidence in this case, and that, taken in conjunc-

tion with the absence of any proof of the exercise of dominion over the property by the plaintiff in the decedent's lifetime, requires the reversal of this judgment.

The judgment and order appealed from will therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.