Margaret B. Coutant, Appellant, *v*. Jennie C. Mason, Respondent.

Replevin — gift — action to recover possession of property claimed by plaintiff as a gift from her deceased husband — erroneous dismissal of complaint by Appellate Division — credibility of witnesses question for the jury.

Where the widow of a decedent brought an action of replevin against his daughter by a former marriage to recover the possession of furniture and household goods which plaintiff claimed as a gift from her deceased husband, which articles defendant also claimed as

4

a gift, and there was evidence of such a gift to plaintiff by the testimony of several witnesses sufficient to make out a *prima facie* case, it was error for the Appellate Division on reversing the judgment for plaintiff, entered upon a verdict of a jury, to dismiss the complaint upon the ground that there was no evidence to sustain the plaintiff's claim. The credibility of the witnesses was for the jury, and even if some witnesses for plaintiff were interested, as claimed by defendant, their testimony cannot be disregarded by the court. Hence the action of the Appellate Division in dismissing the complaint cannot be sustained.

*Coutant* v. *Mason*, 160 App. Div. 575, reversed.

(Argued May 2, 1917; decided May 22, 1917.)

APPEAL from a judgment, entered May 15, 1914, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry L. Scheuerman* and *Theodore F. Kuper* for appellant. Plaintiff has established title in herself. (*Rheinfeldt* v. *Dahlman*, 19 Misc. Rep. 162; *Miller* v. *Benoit*, 29 App. Div. 252; 164 N. Y. 590; *Hull* v. *Littauer*, 162 N. Y. 569; *Kavanagh* v. *Wilson*, 70 N. Y. 179; *Matter of Schroeder*, 113 App. Div. 204; *Allen* v. *Cowen*, 23 N. Y. 502; *Grangiac* v. *Arden*, 10 Johns. 293; *Porter* v. *Gardner*, 60 Hun, 571.) Plaintiff clearly established every detail and element of her case. (*Grangiac* v. *Arden*, 10 Johns. 293; *Porter* v. *Gardner*, 60 Hun, 571; *Crounse* v. *Judson*, 41 Misc. Rep. 338; 93 App. Div. 604.)

*Charles E. Travis* for respondent. The plaintiff, appellant, failed to produce clear and conclusive evidence of the alleged gift *inter vivos*. (*Martin* v. *Funk*, 75 N. Y. 134; *Bedell* v. *Carll*, 33 N. Y. 581; *Jackson* v. *Twenty-third Street Railway Company*, 88 N. Y. 520.) The plaintiff, appellant, was required to produce evidence

which should be strong and conclusive in order to establish her cause of action. (*Hamlin* v. *Stevens*, 177 N. Y. 39; *Matter of Seitz*, 17 App. Div. 1; *Rosseau* v. *Rouss*, 180 N. Y. 116; *Roberge* v. *Bonner*, 185 N. Y. 268; *Mahaney* v. *Carr*, 175 N. Y. 454; *Ide* v. *Brown*, 178 N. Y. 26; *Edison* v. *Parsons*, 155 N. Y. 555; *Lucas* v. *Boss*, 110 App. Div. 220; *Holt* v. *Tuite*, 188 N. Y. 17.)

CRANE, J. Charles A. Coutant had resided for many years at 728 St. Nicholas avenue, in the borough of Manhattan, city of New York, the defendant, his daughter, Jennie Coutant Mason, and her husband, residing with him. On April 20, 1909, at Wilmington, Delaware, he married the plaintiff, Margaret B. Coutant, and thereafter and until the time of his death on June 1, 1910, he and his wife and the defendant and her husband lived together at the above address.

When thereafter, on July 28, 1910, Mrs. Coutant left the house, she demanded of the daughter the household furniture and furnishings, claiming them as a gift to her by her late husband, Mr. Coutant. Possession being denied she commenced this action in replevin to recover the property, and obtained a judgment for the possession of the chattels, or the sum of $5,719.70, the value thereof.

The Appellate Division reversed the judgment and dismissed the complaint, and also dismissed the appeal from the order denying the motion for a new trial. This decision of the Appellate Division was based upon the assumption that there was no evidence to sustain the plaintiff's claim and the opinion so states. (160 App. Div. 575.)

Upon the appeal to this court it is conceded that the only question before us is whether the plaintiff at the Trial Term made out a case which warranted the trial justice in submitting the question of gift to the jury. If she did, the judgment of the Appellate Division must be reversed and the judgment of the lower court reinstated. This is the only alternative.

We think there was evidence of a gift by Mr. Coutant to the plaintiff of the household furniture and furnishings which required the jury to pass upon the question of a gift, and while the Appellate Division might have reversed the judgment and granted a new trial, its action in dismissing the complaint cannot be sustained.

Six witnesses testified that at various times and places Mr. Coutant stated to them that he had given all his furniture and furnishings in his house, 728 St. Nicholas avenue, to his wife, the plaintiff, as a wedding present. The circumstances under which such statements were made do not render them unlikely or improbable.

Mrs. Louisa A. Stevenson, living in Garden City, had known Mr. Coutant for seven years, longer than she had known the plaintiff, and she testifies that while at dinner at her home on Christmas night of 1909 Mr. Coutant said: "He would like his wife to take an apartment and furnish it with the furniture that he had given her in 728 St. Nicholas Avenue."

Morris H. Mann, residing at 230 Riverside Drive, being in the real estate business, and having a client who was looking for a furnished house, spoke to Mr. Coutant in July of 1909 about selling his house, 728 St. Nicholas avenue, furnished, and he replied " that he could not sell the house furnished as he had given the furnishings to Mrs. Coutant as a wedding present."

Mrs. Minnie Sulzbacher and her husband, Jerome Sulzbacher, friends of the plaintiff, testified to conversations with Mr. Coutant at their home, in which he stated that he had given the furnishings of his house to his wife as a wedding present; that he wanted to sell his house and take a small apartment.

To the same effect is the testimony of Otto B. Schulhoff, president and treasurer of the Reynard Company; while the testimony of James A. Stevenson corroborating that of his wife, Louisa A. Stevenson, adds an additional circumstance, a conversation with Mr. Coutant before his

marriage, in which he stated "that he intended making the furniture, or the contents of the house, a present to — naming his fiancée at that time by her first name, Margaret, and he wouldn't sell any of it."

It will be noted that this action is not against the estate of Mr. Coutant but against his daughter by a prior marriage, who also claims the furniture and furnishings as a gift to her from her father. Evidence tending to support her claim was given on the trial.

The plaintiff was bound to establish her claim by a fair preponderance of the evidence and the court so charged the jury. The above excerpts from the testimony made out a *prima facie* case for the plaintiff. That the witnesses knew the plaintiff and that some of them had business dealings with her did not discredit them as a matter of law. The credibility of their evidence, in view of all the relationships, was for the jury. Even the testimony of an interested witness cannot be disregarded by the court. (*Hull* v. *Littauer*, 162 N. Y. 569; *Kavanagh* v. *Wilson*, 70 N. Y. 177, at 179.)

There have been three trials of this action. On the first trial, in April, 1911, a jury awarded the plaintiff a verdict which was set aside by the trial justice for failure of proof as to the value of the chattels. On the second trial, in April, 1912, the jury disagreed. Whether upon this third trial the Appellate Division would have been justified in setting aside the judgment for the plaintiff and granting a new trial is not for us to say, but for the reasons stated we do hold that the complaint should not have been dismissed.

The judgment of the Appellate Division should be reversed and the judgment for the plaintiff reinstated, with costs to the appellant in the Appellate Division and in this court.

HISCOCK, Ch. J., COLLIN, CARDOZO, POUND and ANDREWS, JJ., concur; McLAUGHLIN, J., not sitting.

Judgment reversed, etc.