SARAH BLUESTEIN, as Administratrix, etc., of BENJAMIN BLUE-STEIN, Deceased, Plaintiff, *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.

City Court of New York, Bronx County, June 24, 1935.

*A. Albert Solomon*, for the plaintiff.

*Sol Weit*, for the defendant.

ADLERMAN, J. By the defendant's failure to attach the application for insurance to the policy in suit, it is precluded from grounding any defense on misrepresentations as to the sound health of the insured contained in the application. (*Bible* v. *John Hancock Mutual Life Ins. Co.*, 256 N. Y. 458, 462.) In said case CARDOZO, Ch. J., said: " The defendant procured applications from

the insured, but did not attach them to the policies. What was in them we do not know, and we must act as if they had never been." The policy in the case at bar was solicited by one Max Von Boeckmann, defendant's agent, who was employed by the defendant to solicit applications for life insurance policies, and was authorized to deliver policies so solicited by him to the insured and to collect the premiums therefor. He testified that he solicited the policy in suit, delivered the same to the insured, collected the first premium and several premiums accruing thereafter. Plaintiff testified that she was present some time in the month of June, 1931, when Von Boeckmann called on the insured to solicit insurance and heard the conversation between Von Boeckmann and the insured. Von Boeckmann offered to write a policy, and the insured said: " How could you write me up a policy, I am a sick man. I am under a doctor's care now," and to which Von Boeckmann responded: " We have a policy that doesn't require a doctor's examination, don't worry, I'll get you a policy." The insured also then told Von Boeckmann that he was suffering from ulcers of the stomach and kidney trouble. A week later Von Boeckmann returned, delivered the policy and the premium book to the insured, and collected the first premium. Plaintiff has conceded throughout the trial that her intestate, the insured, was, as a matter of fact, not in sound health at the date of the policy. It is her contention that the condition in the policy in regard to sound health was waived by the defendant by reason of the agent's knowledge of the facts. Under the authority of the *Bible Case* (*supra*), Von Boeckmann's knowledge, if established, that the insured was not in sound health on the date of the policy, is imputed to the defendant and gave rise to a waiver or, more properly, an estoppel. (*Whipple* v. *Prudential Ins. Co. of America*, 222 N. Y. 39; *Satz* v. *Massachusetts Bonding & Insurance Co.*, 243 id. 385, at p. 390; *McClelland* v. *Mutual Life Ins. Co. of New York*, 217 id. 336; *Ames* v. *Manhattan Life Ins. Co.*, 40 App. Div. 465; affd., 167 N. Y. 584; Vance Ins. [2d ed.] 461, 496.)

The cause of the insured's unsoundness of health was cancer of the stomach, from which he was suffering on the date of the policy in question, and not ulcers and kidney trouble, which the plaintiff claims were the diseases of which the writing agent was informed. It is admitted that the writing agent did not have knowledge of this fact. The testimony of the two physicians called by the defendant disclosed that as early as December, 1930, the insured was suffering from a carcinoma of the stomach, of which fact they did not advise the assured. This testimony is immaterial. The condition of the policy in suit is that the insured, on its date, be in

sound health. (*McClelland* v. *Mutual Life Ins. Co. of New York, supra; Chinery* v. *Metropolitan Life Ins. Co.,* 121 Misc. 107, 109; *Salamida* v. *John Hancock Mutual Life Ins. Co.,* 148 id. 702; *Bluestein* v. *Metropolitan Life Ins. Co.,* App. Term, 1st Dept., Nov. 15, 1934, no opinion filed; N. Y. L. J. Nov. 16, 1934, p. 1838.)

While the insured did not know the real nature of his ailment, he knew he was not in sound health and was being attended by physicians for some ailment of the stomach, which he believed to be ulcers and kidney trouble, and so advised the writing agent. The defendant introduced evidence that immediately prior and subsequent to the issuance of this policy the insured made application to other companies, and several other policies were issued, and that the insured made statements to each of the other companies as to his health similar to the statements made to the agent in this case. I am inclined to believe that the insured made the statement to the agent as to his health as testified to by the plaintiff in this case. I am of the opinion that the agent withheld this knowledge from his company, and that the inducing cause for the issuance of this policy was the fact that the agent was eager to procure business and was paid by the company twenty times the amount of the first premium when the policy was placed.

*Bluestein* v. *Metropolitan Life Ins. Co.* (*supra*) was an action by this plaintiff herein on an industrial policy containing the same condition as in the case at bar. The precise issues of law and fact were there litigated as here. From a judgment entered in plaintiff's favor, the Appellate Term affirmed said judgment without opinion.

Verdict directed in favor of plaintiff for $1,500. Ten days' stay and thirty days to make a case.