PATRICK FREDELLA, as Administrator of the Goods, Chattels and Credits Which Were of FRANCES FREDELLA, Deceased, Appellant, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.

First Department, December 18, 1939.

*Murray Zazeela*, for the appellant.

*Benjamin Paul Goldman* of counsel [*Howard S. Levie* with him on the brief; *Solon Weit*, attorney], for the respondent.

O'MALLEY, J.   The question presented is whether, in this action to recover upon three policies of life insurance issued by defendant upon the life of plaintiff's intestate, the plaintiff at the close of the entire case had established a *prima facie* cause of action.

The policies, three in number, were so-called " industrial policies," each in the sum of $500.   Each provided that it was not to take effect " if the Insured die before the date hereof, or if on such date the Insured be not in sound health."

It is conceded that the insured signed the three applications, one for each policy, and that on the date of signing and on the date of subsequent delivery of the policies she was in fact not in sound health.

Plaintiff's proof was to the effect that the soliciting agents were informed of the insured's ill health and of her reluctance to take out any policies by reason thereof; that the agents stated that no medical examination was necessary and that everything would be all right. Plaintiff, therefore, relied upon a waiver of the condition that the insured was to be in good health on the date of the policies.

The defendant's proof was to the effect that the insured appeared healthy and that its agents secured the policies in the regular course at a time when they were calling at her father-in-law's home (where she was then staying) in connection with other business. The two agents involved testified that the insured answered all questions in the applications and signed them after they had been read in full to her, particularly that part which provided immediately above her signature that she understood and agreed that " No Agent has power in behalf of the Company to make or modify this or any other contract of insurance,   *   *   *   or to bind the Company by making any promise, or by making or receiving any representation or information."

Defendant further showed that on a prior occasion the insured had received from it two other policies containing a similar limitation of the agents' authority as was contained in the three policies here involved; also that a premium receipt received at the time the three applications were signed contained specific limitations on the part of an agent to make or modify any application or to bind the company by making any promise or representation. In addition, the defendant proved by contracts of employment that these agents had in fact no such authority.

Under the circumstances disclosed, the defendant's agents, having authority to solicit and deliver the policies, had apparent power to waive their conditions. (*Bible* v. *John Hancock Mut. Life Ins. Co.*, 256 N. Y. 458; *Bluestein* v. *Prudential Ins. Co.*, 157 Misc. 122; 247 App. Div. 780.) Though the applications were not made part of the policies, they were properly received in evidence, with the other proof above referred to, as evidence extrinsic to the policies under the recent decision in *Abbott* v. *Prudential Ins. Co.* (281 N. Y. 375).

However, there is nothing in the record to show that the insured had read the applications or knew their contents save the testimony of the agents that they had been read in full to her before she signed. In view of the relationship of these agents to the case and their connection with the defendant, their credibility would be a matter for the jury under proper instructions from the court with respect to possible bias. (*Coutant* v. *Mason*, 221 N. Y. 49, 53; *Hoffman* v. *Florida East Coast Hotel Co.*, 187 App. Div. 146, 151; *Essig* v. *Lumber Operating & Manufacturing Co.*, 183 id. 198, 200.)

In this view of the case, we are of opinion that issues requiring submission to the jury with respect to waiver and estoppel were presented. It was, therefore, error to dismiss at the close of the entire case.

It follows that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.