HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGH-LIN and CRANE, JJ., concur.

Judgment of conviction reversed, etc.

---

BRIDGET MORRIS, Appellant, v. JOHN T. SHEEHAN, as Ancillary Executor of FRANCIS J. LYNCH, Respondent.

**Trust — savings banks — deposit in savings bank in name of depositor in trust for another — presumption that deposit was made for benefit of cestui que trust named in deposit may be overcome by evidence.**

Where testator in his lifetime made a deposit in a savings institution in his own name in trust for plaintiff, who had no knowledge of such deposit, and at testator's death this deposit still stood as originally made, unrevoked and unchanged, and undisposed of by the will of testator, except as it may have been included in a general residuary bequest, a presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor, but this presumption may be contradicted by evidence as to the circumstances under which the deposit was made and an unanimous affirmance by the Appellate Division of a finding by the trial court that such presumption had been overcome is conclusive that there was sufficient evidence to justify the finding. (*Matter of Totten*, 179 N. Y. 112; *Tierney* v. *Fitzpatrick*, 195 N. Y. 433, explained and distinguished.)

*Morris* v. *Sheehan*, 199 App. Div. 968, affirmed.

(Argued December 6, 1922; decided December 15, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 3, 1922, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

*Melvin G. Palliser* for appellant. The death of the depositor before the beneficiary, the plaintiff herein, without revoking the trust, created an absolute trust for the benefit of the plaintiff and the moneys in said bank belong absolutely to the plaintiff. (*Matter of Totten,* 179 N. Y. 112; *McManus* v. *McManus,* 179 N. Y. 343; *Kelly* v. *Beers,* 194 N. Y. 49; *Tierney* v. *Fitzpatrick,* 195 N. Y. 433; *Hemmerich* v. *Union Dime Savings Inst.,* 205 N. Y. 366; *Garvey* v. *Clifford,* 114 App. Div. 193; *Cuff* v. *Cuff,* 120 App. Div. 225; *Beakes Dairy Co.* v. *Berns,* 128 App. Div. 137; *Stockert* v. *D. D. Savings Inst.,* 155 App. Div. 127; *Hessen* v. *McKinley,* 155 App. Div. 496; *W. A. Baptist Church* v. *Clark,* 158 App. Div. 230.)

*Luke D. Stapleton* and *Nicholas Dietz* for respondent. The question of intent of depositor in opening the account in suit is a question of fact, to be determined by the trial court on all the evidence in the case. (*Rawley* v. *Brown,* 71 N. Y. 85; *United States* v. *Clark,* 5 Utah, 226; *Bow* v. *Allentown,* 34 N. H. 351; *Martin* v. *Funk,* 75 N. Y. 134; *Mabie* v. *Bailey,* 95 N. Y. 206; *Macy* v. *Williams,* 83 Hun, 244; *Farleigh* v. *Cadman,* 159 N. Y. 171; *Robertson* v. *McCarty,* 54 App. Div. 103; *Meislahn* v. *Meislahn,* 56 App. Div. 566; *Robinson* v. *Appleby,* 69 App. Div. 510.) The intent of the depositor in opening the account in suit, being a question of fact, the findings of the trial court that he did not intend to create a trust for the benefit of the plaintiff, having been unanimously affirmed, are binding upon the plaintiff. (*Marshall* v. *Coleman,* 187 Ill. 556; *Haven* v. *Foster,* 26 Mass. 112; *Garvey* v. *Clifford,* 114 App. Div. 194.)

ANDREWS, J. In his lifetime Francis J. Lynch made a deposit in the East River Savings Institution in the name of " Francis J. Lynch in trust for Bridget Farley," the appellant. Of it she had no knowledge. At his death this account amounting to about $4,500 still stood

as originally made unrevoked and unchanged. Nor was it disposed of by the will of Father Lynch, except as it may have been included in a general residuary bequest. Claimed by both the appellant and the respondent the trial court found as a matter of fact that when he made the deposit Father Lynch made it for his own personal convenience and with no intention of creating any trust in favor of the appellant. A judgment was directed for the respondent and this judgment has been unanimously affirmed by the Appellate Division. The only question before us, therefore, is whether the findings that the deposit was in fact made as stated are inconsistent with this result.

In *Matter of Totten* (179 N. Y. 112) we held that such a deposit does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration. In case, however, the depositor dies before the beneficiary without revocation or some decisive act or declaration of disaffirmance the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor. We have never held, however, that the presumption of which we spoke was a conclusive one. Indeed in the case cited we said: " When a deposit is made in trust and the depositor dies intestate leaving it undisturbed, in the absence of other evidence, the presumption seems to arise that a trust was intended in order to avoid the trouble of making a will." (p. 124.) And in *Tierney* v. *Fitzpatrick* (195 N. Y. 433) we impliedly held that this presumption could be contradicted by evidence as to the circumstances under which the deposit was made. We reversed that case only because certain evidence offered on the subject was incompetent.

Therefore, the trial court was entitled to find that the presumption spoken of had been overcome in view of the

evidence on this subject before it. That there was sufficient evidence to justify the finding is conclusively determined by the unanimous affirmance of the Appellate Division.

The judgment of the court below should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN and CRANE, JJ., concur; HOGAN, J., concurs in result.

Judgment affirmed.