In the Matter of the Estate of MARY A. MCLAUGHLIN, Deceased.

Surrogate's Court, New York County, June 6, 1933.

*I. Gainsburg*, for the petitioner.

*Phillips, Mahoney, Leibell & Fielding* [*Vincent L. Leibell* and *William E. Goldman* of counsel], for the respondent.

FOLEY, S.  Annie V. McLaughlin, as petitioner, brought this proceeding to compel the executor of the estate of Mary A. McLaughlin to turn over to her the savings bank book representing an account in the Broadway Savings Bank.  The amount on deposit in the account is $5,102.32, with accrued interest.  The form of the account is "Annie V. McLaughlin in trust for Mary A. McLaughlin," the decedent.  The petitioner claims that the moneys in the account are hers, that the tentative trust created under the form of the account was never consummated, that upon the death of the beneficiary, Mary A. McLaughlin, the trust terminated and that the funds on deposit remain the sole property of the petitioner unimpressed by any trust.

The executor, on the other hand, contends that the moneys originally and subsequently deposited in the account were actually the moneys of the decedent and are assets of the estate.  He also contends that the tentative trust became irrevocable by the acts of the petitioner and particularly by the delivery of the bank book to the beneficiary during her lifetime.

The decedent was the mother of the petitioner.  The executor is her father.  At the time of her death, Mrs. McLaughlin was about eighty-four years of age.  She was unable to write.  Numerous savings bank accounts appear to have been opened and main-

tained by the various members of the family, some in their individual names, and some in the names of the mother and other members of the family in trust for the father or a son or daughter.

I hold upon the evidence that the moneys in the account in dispute are the property of the estate and do not belong to the petitioner. It has been established that these moneys were at all times the property of the decedent and were kept in the name of the petitioner, as trustee, solely as a matter of convenience and not of absolute title or ownership in her.

The nature of a trust savings bank account was explained and defined in *Matter of Totten* (179 N. Y. 112). The Court of Appeals there reviewed its prior decisions. The court referred to the existing conflict between the decisions of the various Appellate Divisions. It formulated the applicable principles in the following language: " It is necessary for us to settle the conflict by laying down such a rule as will best promote the interests of all the people in the state. After much reflection upon the subject, guided by the principles established by our former decisions, we announce the following as our conclusion: A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary." In that case the trustee, who was the depositor, died. The right of the surviving beneficiary to the fund was sustained. Other cases have dealt with a situation more similar to that involved here, where the beneficiary died before the trustee-depositor. These cases hold that upon the death of the beneficiary the moneys in the account become, *ipso facto*, the absolute property of the trustee-depositor unless the gift was completed in the lifetime of the beneficiary by some unequivocal act or declaration such as the delivery of the pass book or notice to the beneficiary. (*Matter of United States Trust Co.*, 117 App. Div. 178; affd. on the opinion of Scott, J., who wrote for the majority below, 189 N. Y. 500; *Matter of Bulwinkle*, 107 App. Div. 331; *Matter of Duffy*, 127 id. 74.)

These rules, however, do not deprive either of the parties to the account of the right to prove the true and actual ownership of the fund. In *Morris* v. *Sheehan* (234 N. Y. 366) the depositor maintained the account in his name in trust for one Bridget Farley. The trial court found as a matter of fact that the deposit was made for the personal convenience of the depositor and with no intention of creating any trust in favor of the beneficiary. That finding was sustained by the Appellate Division. The beneficiary survived

the trustee. It was held by the Court of Appeals that the presumption that an absolute trust was created as to the balance on hand at the death of the depositor was not a conclusive one, but yielded to evidence to the contrary. The question, therefore, in each case is one involving the test of the intention of the parties at the time of the opening of the account and the determination of the true ownership in the light of pertinent legal principles. (" Joint Accounts and Trusts," by Surrogate SLATER, Brooklyn Law Review, p. 27, vol. II, No. 1, Nov. 1932.)

In my opinion the rule as to the ascertainment of the actual ownership applies with equal force, whether the situation be the same as in *Morris* v. *Sheehan* (*supra*), where the beneficiary survived, or to the pending case, where the trustee survived. It should be noted also that in the pending case the proofs established that the deposits were not made, as usually occurs, by the depositor in trust for some other person, but the funds were those of the beneficiary.

The evidence in the present proceeding conclusively establishes to my satisfaction that the funds were at all times the property of the decedent and that the petitioner held them as trustee or agent for the decedent. Upon this phase of the case I believe the testimony of Edna McLaughlin, the sister of the petitioner, as to admissions by the petitioner to the effect that the fund was composed of " mother's money " and her further admission that the petitioner referred to the disputed bank book and other bank books as " mother's bank books." The acceptance of this testimony as true necessarily leads to the rejection of the petitioner's opposite and contradictory version. Further support for the conclusion is found in the fact that the funds within the various accounts, either individual or trust, in which the name of the decedent was either trustee or beneficiary, were transferred from time to time, deposited in pending accounts, or used to open new accounts, plainly for the purpose of obtaining interest upon the moneys within the legal limit established by the various savings banks. It is also significant that a memorandum, in the handwriting of the petitioner (Respondent's Exhibit 1), listed the deposits, with accrued interest, to a date established by the evidence and included the disputed account here. This memorandum was plainly a list of the accounts of the decedent although maintained in various forms. Two other memoranda contain, as of a subsequent date, the deposits and accrued interest in the decedent's savings bank accounts. (Respondent's Exhibits 35 and 36.) Although the petitioner had certain accounts in her individual name, it is significant that none of them was included in either of these three writings. The memoranda, more-

over, did include an individual account in the name of the decedent. The evidence concerning the origin of the fund, the analysis of the accounts, the tracing of the funds into the disputed account, the course of dealing between the parties, the admission of the petitioner and other facts, require a finding that the bank book and the moneys in the account are not the property of the petitioner.

Submit decree on notice denying the application to direct delivery of the bank book to the petitioner. The decree may include an appropriate direction that the moneys in the account are the property of the estate.