In the Matter of the Estate of SARAH J. MILTON, Deceased.*

Surrogate's Court, New York County, June 15, 1933.

*Leonard H. Lester*, for the petitioner.

*Maurice M. Cohn*, for Rebecca I. Caspar, respondent.

DELEHANTY, S. The executrix of deceased instituted this discovery proceeding against respondent Rebecca I. Caspar and the Greenwich Savings Bank to determine the ownership of a pass book and the funds represented thereby on deposit with respondent bank. Respondent Caspar filed an answer denying the material allegations of the petition and claiming title to the pass book and funds on deposit. Respondent Greenwich Savings Bank appeared but did not file an answer.

The evidence adduced disclosed the following facts: The disputed account is entitled " Rebecca I. Caspar in trust for Sarah J. Milton." It was opened by a deposit of one dollar on January 8, 1920. On

January 10, 1920, the sum of $534.48 was deposited therein. This deposit was effected by the transfer of the balance of an account in the same bank standing in the name of decedent. Such transfer to the disputed account was made by decedent's direction. On February 21, 1920, the sum of $30 was deposited in the disputed account. There were no subsequent deposits made. No withdrawals were ever made. The balance of the account was $959.23 as of April 1, 1933. On March 5, 1920, decedent wrote the bank to make no payment from the account without her consent because she held the bank book and the funds belonged to her. The pass book was found among decedent's effects. By the second paragraph of her will decedent bequeathed all her interest in " all monies deposited in the Greenwich Savings Bank in New York City in the name of ' Rebecca I. Caspar in trust for Sarah J. Milton.' "*

In her main memorandum respondent appears to take the position that she is the depositor under a so-called " Totten " trust and that the death of the beneficiary under such trust left her indisputable title to the fund. In her reply memorandum respondent seems to claim a gift *inter vivos* of the money in the original account and that hence the deposit of the funds in the disputed account was a deposit of respondent's funds and not those of deceased. The court holds specifically that the funds when deposited in the account under scrutiny were the funds of deceased and that the title thereto remained in deceased throughout her lifetime and that nothing in the evidence or in the form of the account gave to respondent any interest in the fund. The paper in evidence as respondent's Exhibit A is evidence at best of an intention to make a testamentary disposition of the fund to respondent. For lack of proper execution this is not an effective will. The testimony of the witness Field is disbelieved by the court in so far as it undertakes to establish possession of the bank book by respondent and an explanation of such possession by deceased. The testimony of this witness that the book was in fact on a dresser in deceased's room has far greater probative force than her recital (disbelieved by the court) of the alleged conversation between deceased and petitioner concerning the book.

It is obvious of course that the principles applicable to " Totten " trusts (*Matter of Totten*, 179 N. Y. 112) have no application here since the court has found that the funds were those of the ostensible beneficiary of the account and not those of the ostensible depositor. *Matter of McLaughlin* (148 Misc. 113) is decisive of the question here at issue. In the cited case as here the money deposited in the trust account belonged to the beneficiary. Mr. Surrogate Foley held that the trustee who survived the beneficiary was not

entitled to the fund and never had had and never had acquired any beneficial interest therein. The fund accordingly was held to be the property of the estate of the beneficiary. So, in the present case the evidence clearly establishes that the funds placed in the trust account were at all times the property of decedent. Respondent acquired no beneficial interest in the fund either through any act of decedent or by virtue of decedent's death. She was merely the trustee or agent of decedent.

Submit decree on notice adjudging the fund to be the property of the estate.