CECIL B. TIBER, Plaintiff, *v.* JACOB R. HELLER, as Executor, etc., of VICTOR BERLIN, Deceased, and EMANUEL J. FREIBERG, as Administrator de Bonis Non of the Goods, Chattels and Credits of LENA BERLIN, Deceased, Defendants.

Supreme Court, Special Term, New York County, December 5, 1939.

*Abraham K. Kaufman,* for the plaintiff.

*Philip Feldman,* for the defendant Jacob R. Heller, as executor, etc.

*Emanuel J. Freiberg,* in person.

SCHMUCK, J. This litigation demands answer to the question which epitomized may be stated in the following language: To whom does the fund on deposit belong when the deposit was created or opened by a person in another's name in trust for a named beneficiary other than the depositor or the trustee and when the depositor dies without withdrawing any of the funds? Is the named beneficiary, the trustee or the depositor's estate entitled to the funds of the deposit? In this issue the named beneficiary is the plaintiff, the trustee, the defendant estate of Victor Berlin, and the depositor, the defending estate of Lena Berlin.

The following circumstances were revealed: Plaintiff, a school teacher, was the daughter of Victor and Lena Berlin. In the year 1934 Lena Berlin became seriously ill requiring a major operation. At this time she had various bank accounts in her own name in trust for her children and husband. It is not beyond peradventure that aware of her parlous condition she determined to put her house in order. She, therefore, closed out the bank accounts she held in trust for her children other than the plaintiff and gave the funds to them. The account in trust for plaintiff was left undisturbed, probably for the reason that plaintiff at the time was absent from America enjoying a sabbatical year and thus unable to receive the funds. Subsequently, and, to be specific, on December 3, 1934, this account was closed out and simultaneously with the signing of the withdrawal slip a new account was opened in the Dime Savings Bank bearing the legend "Victor Berlin in trust for Cecil B. Tiber." Thereafter, Victor Berlin withdrew all the money from this account, most of it while plaintiff was abroad and, what is important to this litigation, without giving plaintiff any part thereof. The ownership of this fund is the crux of this dispute.

At this point of the discussion, it is helpful to turn attention to the documentary evidence, for plaintiff leans heavily on their

import to support her contention. Exhibit 1 bears the notation that the balance in the account, namely, $6,323.40, was transferred to the new account entitled " Victor Berlin for Cecil B. Tiber." Exhibit 2 (the withdrawal slip) bears the identical notation, and Exhibit 3, which is a transcript of the new account, indicates that the $6,323.40 therein deposited came from the original account.

On the agreed statement of fact and the additional evidence elicited at the trial, it is determined that plaintiff is entitled to the fund, that Victor Berlin as mere trustee was powerless to withdraw the funds, using them for his own benefit, and that in consequence judgment must be awarded her.

The defendant Heller rests his opposition to plaintiff's claim on the ground that the result of all these transactions was to create a Totten Trust and that in view of what was revealed concerning the original source of the money making up the trust, the conduct of Victor Berlin was justified and lawful. With this the court does not agree. A Totten Trust, defined in *Matter of Totten* (179 N. Y. 112, 125), is as follows: " A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal, act or declaration, such as delivery of the pass book or notice to the beneficiary." Applying that definition to the matter under advisement, defendant's contention becomes futile and the conclusion is imperative that a deposit by one person of his own money in the name of another as trustee for a third creates an irrevocable trust. Furthermore, the facts herein conceded show that even if a tentative trust was created, it became irrevocable because the power of revocation was never exercised during her lifetime by the settlor. This deduction is amply supported by authority and is fortified by the illuminating opinion of Surrogate DELEHANTY in *Matter of Milton* (148 Misc. 315).

It remains only to consider the counterclaim of the defendant Heller for $10,000 for alleged loans made by Victor Berlin to the plaintiff. The only proof of this claim was the examination before trial of the plaintiff. The court's interpretation of this testimony is that it not only does not support the claim it is adduced to favor, but convincingly establishes the contrary. The counterclaim is, therefore, dismissed.

As plaintiff's claim is approved, that of the defendant Freiberg, as administrator *de bonis non* of Lena Berlin, is disregarded. Submit findings of fact, conclusions of law and judgment in accordance with the above.