William J. Regan, S.
The petitioner, Norma Helen Wesolowski, has applied to the court to determine whether certain Totten trust accounts in the decedent’s name should be paid over to the executor and administered pursuant to the terms of the last will and testament of the deceased.
The deceased, prior to his death, changed the four Totten trust accounts which he had created in his name in trust for the petitioner, Norma Wesolowski, by adding the name of the respondent, Stephen Bochner, Jr., to read as follows: "Stanley I. Wesolowski or Stephen Bochner, Jr., in trust for Norma Wesolowski”.
The respondent has at all times during this proceeding disclaimed any right, title or interest to the balance of the said Totten trust accounts. The respondent, however, does maintain that an inter vivos trust was created by the deceased in the creation of said accounts and should therefore be continued in his name as sole trustee.
The deceased by his last will and testament created a *519 testamentary trust, the beneficiary of which is the petitioner, Norma Wesolowski. It is conceded by both parties that the deceased intended by the creation of the Totten trust accounts and by the provisions of his last will and testament, that his entire estate be held in trust for the benefit of his daughter during her lifetime. The deceased did not specifically revoke the said Totten trust accounts by his last will and testament. Totten trusts are well recognized to be merely tentative and revocable at will. (Matter of Totten, 179 NY 112.) It is a presumed gift to the beneficiary upon the death of the settlor subject to rebuttal. (Matter of Totten, supra; Morris v Sheehan, 234 NY 366; Matter of Farrell, 298 NY 129; Matter of Shelley, 50 NYS2d 570.)
If the court were to construe the funds on deposit as passing outside the will, the balance would vest absolutely in the testator’s daughter, which result is certainly contrary to the obvious intent of the deceased that said moneys be held in trust for her benefit.
The respondent maintains that the deceased created an inter vivos trust in adding the respondent’s name to the bank account. The essential elements required in the creation of an inter vivos trust are not present, namely, the deceased did not relinquish title to the alleged corpus of the trust, and more significantly, the alleged inter vivos trust does not contain any provisions describing either the duration or the vesting of said trust.
It is evident that the deceased was concerned over the welfare of his daughter and attempted to provide for her welfare during his life by the creation of these alleged Totten trust accounts and upon his death by the creation of a testamentary trust. The deceased added the respondent’s name to the account in the event of his inability during his life to take care of the petitioner, so that the respondent could secure funds of immediate necessity and provide same to the petitioner.
The court therefore finds that the deceased did not create a valid inter vivos trust and that the respondent has no interest in said accounts. The balance remaining in all four accounts should be paid over by the respondent to the executor of the estate to be included as assets of the estate to be administered pursuant to the terms of the last will and testament.
The court is cognizant of the interest and concern of respondent in the welfare of the petitioner. The administration of *520 the trust accounts by the testamentary trustees fulfills the wishes of the deceased.