In the Matter of the Estate of JACOB I. HOUSMAN, Deceased.

PERCIVAL S. JONES, as Executor, etc., of JACOB I. HOUSMAN, Deceased, Respondent, Appellant; LULU BELLE HOUSMAN, Appellant, Respondent.

Second Department, March 1, 1918.

**Decedent's estate — suit to recover assets — claim to assets through gift inter vivos — proof not establishing gift — evidence — personal transaction with decedent.**

Suit by an executor to recover certain securities alleged to belong to the estate and which the defendant, the wife of the testator, claims under an alleged gift *inter vivos*. It appeared that the decedent at the time of his

                   Second Department, March, 1918.            [Vol. 182.

death was about seventy-nine years old and that the defendant, who had been his trained nurse, was married to him about a month before his death. The will, made about a year before the testator's death, left all his property to his children and grandchildren. Evidence examined, and *held*, wholly insufficient to establish any gift to the defendant, with the exception of a gift of a diamond ring.

In such action the defendant claiming a gift *inter vivos* was incompetent to testify to personal transactions with the decedent.

CROSS-APPEALS by Percival S. Jones, as executor, and Lulu Belle Housman, from a decree of the Surrogate's Court of the county of Richmond, entered in the office of said Surrogate's Court on the 9th day of April, 1917, which adjudged that the decedent, Jacob I. Housman, had made a gift *inter vivos* to the respondent, Lulu Belle Housman, his wife, of certain articles of personal property therein described, and directed the said respondent to deliver to the said petitioner, as executor of the last will and testament of the said Jacob I. Housman, deceased, certain other articles described in the decree.

The executor appeals from that portion of the decree which adjudges that certain articles were given by decedent to the respondent, Lulu Belle Housman, and she appeals from that portion directing her to deliver up other articles.

The decedent was about seventy-nine years of age at the time of his death on March 21, 1916. He had been seriously ill for a long time. In July, 1914, Lulu Belle Carleton (hereafter called the claimant) was engaged as a nurse for him, and she attended him to the time of his death. Part of the time he was also attended by a male nurse, one Obreight. On July 9, 1915, he gave to claimant a power of attorney to draw checks on his bank account. On the same day the securities which are the subject of this proceeding, which had theretofore been kept in decedent's residence, came into her possession and she deposited them in a safe deposit box taken in her own name. She claims that this was done at the request of decedent and that she kept them for him. On February 18, 1916, decedent and claimant were married privately in his home. Decedent's children, by petition dated February 26, 1916, began proceedings to have decedent declared incompetent. He died March 21, 1916. After his death and the probate of his will, made in September, 1915, which left everything to his children and grandchildren, the executor brought these

proceedings under section 2675 of the Code of Civil Procedure to discover property belonging to the estate, alleged to be in possession of claimant. The claimant asserted ownership under a gift from decedent. An order was made for the trial of the issues before the surrogate, the issues were tried, and the surrogate decided that the gift had been made but was ineffectual as to the stock certificates because the revenue stamps had not been affixed, and both parties appeal.

There was no written evidence of the gift. There was no delivery, except of one ring, the other articles being already in claimant's possession. There was no evidence by a competent witness of any definite time and place where the gift was made and title passed. The evidence was confined to testimony of witnesses as to remarks made by decedent from time to time, ranging from the day after his marriage to the day of his death, to the effect that everything, stock and all, was given to claimant.

*George M. Pinney* [*Parker & Aaron* and *Windels & Holtzoff* with him on the brief]; for the petitioner, Percival S. Jones, as executor.

*Montague Lessler* [*Appleton L. Clark* with him on the brief], for the respondent Lulu Belle Housman.

BLACKMAR, J.:

The Court of Appeals has so often and vigorously stated the rule regarding the character and amount of evidence necessary to sustain gifts or other contracts whereby the estates of decedents are depleted, that it would seem unnecessary to repeat it. The contract, if not in writing, should be proved by disinterested witnesses, and the evidence must be definite, clear and convincing. (*Holt* v. *Tuite*, 188 N. Y. 17; *Ide* v. *Brown*, 178 id. 26; *Hamlin* v. *Stevens*, 177 id. 39; *Shakespeare* v. *Markham*, 72 id. 400; *Wallace* v. *Wallace*, 158 App. Div. 273; affd., 216 N. Y. 28.) The rule should be more strictly applied if the gift is without either actual or symbolical delivery, and especially where it is alleged that the decedent stripped himself of all his property while still living. No general expression of intention, no vague and indefinite words, are sufficient. Tested by these rules, the evidence was insufficient to support the finding of the learned surrogate

that the gift was made. The claim is that there was a gift without delivery, and that, by it, decedent transferred all his personal property, without identification or specification, to the claimant. It is sought to establish this gift by evidence of admissions and statements by the decedent to the effect that he gave everything to the claimant — " stocks and all." There is no evidence, except the testimony of the claimant, an incompetent witness, which fixes any definite time at which the gift was made. Even the testimony of the claimant that the gift was made on March 12, 1916, was her conclusion, based on these words, which she testified the decedent addressed to her: " Sis, I give you everything; everything is yours, dear." The learned surrogate found no definite time and place when and where the gift was made, but only that it was made at some time between the 18th of February, 1916, and the 21st of March, 1916. There is not a word of evidence in the case, from the mouth of a competent witness, of any fact of gift, except of one ring, nor was there delivery of any article except that ring. All the evidence of the claimant consists of vague, indefinite expressions of an intention to give, or an assertion of gift. There is no substantial difference between the character of the words used by the testator on the 19th of February, 1916, the day after his marriage, and on the 21st of March, 1916, the day of his death. According to the testimony of the claimant, he used those words every day from March twelfth to the day of his death, and other witnesses testified that he so spoke as early as February 19, 1916, and yet on the 17th of March, 1916, the claimant made affidavit that there had never been any talk between herself and husband of a financial provision for her.

We think this evidence insufficient to establish a gift.

JENKS, P. J., THOMAS, PUTNAM and KELLY, JJ., concurred.

That portion of the decree of the Surrogate's Court of Richmond county which adjudges that there was a gift of property to the claimant should be reversed, except as to one diamond solitaire ring of four carats; the decree is modified in accordance with opinion, and as modified affirmed, without costs. Order to be settled before Mr. Justice BLACKMAR.