In the Matter of the Estate of JACOB I. HOUSMAN, Deceased.

LULU B. HOUSMAN, Appellant; PERCIVAL S. JONES, as Executor, Respondent.

**Appeal.— when finding of fact by Appellate Division reversing Surrogate's Court conclusive on Court of Appeals.**

The Appellate Division may affirm, reverse, modify or give final judgment on an appeal from a Surrogate's Court and has the same power to decide questions of fact which the surrogate had. (Code Civ. Pro. §§ 1317, 2754, 2763.) Hence where the Appellate Division made a new finding of fact reversing the Surrogate's Court, which finding is not erroneous as a matter of law, it is conclusive on this court.

*Matter of Housman*, 182 App. Div. 37, affirmed.

(Argued November 12, 1918; decided December 3, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department,

entered March 13, 1918, modifying and affirming as modified a decree of the Richmond County Surrogate's Court in a proceeding for discovery instituted under section 2675 of the Code of Civil Procedure by the executor of Jacob I. Housman, deceased.

The facts, so far as material, are stated in the opinion.

*Francis Stockton McDivitt* and *Edward J. McCrossin* for appellant. The new finding by the Appellate Division that " title to and ownership of all the property involved in this proceeding " (except a certain ring) " is in the executors of Jacob I. Housman, deceased," is without any evidence to sustain it. (*Grey* v. *Grey*, 47 N. Y. 552; *Village of Bath* v. *McBride*, 219 N. Y. 92; 221 N. Y. 231.) The new findings by the Appellate Division are not sufficient to support its conclusions of law. (*Bonnette* v. *Molloy*, 209 N. Y. 167; *Aalholm* v. *People*, 211 N. Y. 406; *Williams E. & C. Co.* v. *City of New York*, 222 N. Y. 1; *Masterson* v. *Townsend*, 123 N. Y. 458; *Sheridan* v. *Jackson*, 72 N. Y. 170; *Hartley* v. *Eagle Ins. Co.*, 222 N. Y. 178; *Acme Realty Co.* v. *Schinasi*, 215 N. Y. 502.)

*George M. Pinney, Alexander Holtzoff* and *Paul Windels* for respondent. The findings made by the Appellate Division are binding on this court so long as there is some evidence tending to support them and consequently nothing remains to be reviewed on this appeal. (*Andrews* v. *Cohen*, 221 N. Y. 148; *City of New York* v. *Appleby*, 219 N. Y. 76; *Hull* v. *O'Brien*, 218 N. Y. 50; *Acme Realty Co.* v. *Schinasi*, 215 N. Y. 495.)

CHASE, J. The personal property in controversy was concededly owned by the testator in his lifetime and prior to and until his marriage on February 18, 1916. He died March 21 of the same year. The presumption is that his ownership continued. The burden of estab-

lishing a gift by the testator rested on the appellant. The appellant made affidavit on March 17 that there had never been any talk between herself and husband of a financial provision for her. Even assuming as claimed by her that the affidavit should be read as of March 9, the question whether a valid gift was made as claimed by her between March 9 and the testator's death was one of fact.

The Code of Civil Procedure (Sec. 1317) provides: " Upon an appeal from a judgment or an order, the appellate division of the supreme court, * * * may reverse or affirm, wholly or partly, or may modify, the judgment or order appealed from, * * *. It shall thereupon render judgment of affirmance, judgment of reversal and final judgment upon the right of any or all of the parties, or judgment of .modification thereon, according to law, except where it may be necessary or proper to grant a new trial or hearing, when it may grant a new trial or hearing. * * *."

It also provides (Sec. 2754): " An appeal to the appellate division of the supreme court may be taken from a decree of a surrogate's court, or from an order affecting a substantial right, made by a surrogate, or by a surrogate's court in a special proceeding, by any party aggrieved thereby. * * *."

It also provides (Sec. 2763): " Where an appeal is taken upon the facts, the appellate court has the same power to decide the questions of fact, which the surrogate had. * * *."

The Surrogate's Court found that certain of the personal property was given to the appellant by the testator between February 18 and March 21. The Appellate Division reversed such finding of the Surrogate's Court and found:

" 3. There is no sufficient evidence of any gift by the deceased to the respondent of any of the articles of personal property involved in this proceeding other than

the diamond ring, * * * and title to and ownership of all the property involved in this proceeding * * * is in the executors of Jacob I. Housman deceased and the petitioner is entitled to the possession of the same and the respondent is unlawfully withholding the same from the petitioner."

There is no controversy about the gift of the diamond ring. Where there is no actual or symbolical delivery of the property in controversy and the alleged declarations of the testator are made in general terms the evidence of such declarations together with the surrounding facts and circumstances as shown by the record in this case a gift is not established as a matter of law.

The finding of the Appellate Division not being erroneous as a matter of law is conclusive on this court. (*Acme Realty Co.* v. *Schinasi*, 215 N. Y. 495; *Hall* v. *O'Brien*, 218 N. Y. 50; *Matter of Leland*, 219 N. Y. 387; *Andrews* v. *Cohen*, 221 N. Y. 148.)

The order should be affirmed, without costs.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, HOGAN, McLAUGHLIN and CRANE, JJ., concur.

Order affirmed.