Carl D. Ritzwoller, Respondent, *v.* Jerome N. Lurie, as Executor, etc., of Gustav Lurie, Deceased, Appellant, Impleaded with Beckie Lurie, as Executrix, etc., of Gustav Lurie, Deceased, and Others, Defendants.

First Department, March 23, 1923.

Depositions — examination of defendant before trial — provision in notice served under Civil Practice Act, § 290, stating that defendant will be examined as to certain books is improper — books are best evidence and production can be required only by order under Civil Practice Act, § 296.

A provision in a notice for the examination of the defendant before trial that the defendant will be examined as to the contents of certain specified books is improper and will be stricken out.

The books themselves are the best evidence and the defendant cannot be required to produce them upon a mere notice given under section 290 of the Civil Practice Act; he can be required to produce books upon such examination only by an order of the court granted under section 296 of the Civil Practice Act.

Appeal by the defendant, Jerome N. Lurie, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of January, 1923, denying his motion to vacate a notice for his examination before trial.

*Louis Maxwell Cohen* [*M. Montefiore Henschel* of counsel], for the appellant.

*Rockwood & Lark* [*Charles A. Winter* of counsel; *A. Boskowitz* with him on the brief], for the respondent.

Smith, J.:

The notice is a notice for the examination of Jerome N. Lurie upon certain issues, and in the 4th subdivision thereof the notice reads: " As to the contents of the following books of said corporation in the custody of the defendant, formerly in the custody of the defendant's testator: The minute book from November, 15, 1915, to November 1, 1916; the ledger, day book, cash book for March, April and May, 1916; the check book of the Importers & Traders National Bank of New York, with the stubs therein, for March, April and May, 1916; the cancelled checks paid by said bank during March, April and May, 1916." The books, themselves, are the best evidence, and the only reason for the inclusion of subdivision 4 is that the party may be required to produce these books for inspection.

Section 296 of the Civil Practice Act provides that where an order for an examination is made, the order may direct the pro-

duction of books and papers in the custody of the party, which may be received in evidence. There is no provision, however, for the production of books and papers upon a mere notice, given under section 290, of the taking of testimony by deposition. A party can only be required to produce books upon such examination, under an order of the court.

The order denying the motion to set aside the notice should, therefore, be modified by providing that subdivision 4 of said notice be stricken out, and as modified affirmed, without costs.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Order modified by providing that subdivision 4 of the notice of examination be stricken out, and as so modified affirmed, without costs. Order fixing date for examination to proceed to be settled on notice.