In the Matter of the Estate of LETITIA LEWIS, Deceased.

Surrogate's Court, Bronx County, April 29, 1924.

**Gifts — proceeding under Surrogate's Court Act, §§ 205 and 206, for discovery and delivery of two bank books which respondent claims as gift from his mother — delivery of property must be such as to result in present change of dominion and ownership — evidence as to donation should be definite where no delivery is made — evidence insufficient to establish title to bank books in alleged donee.**

To establish a valid gift there must be a delivery which results in a present change of dominion and ownership. Intention or mere words cannot supply the place of an actual surrender of control and authority over the thing intended to be given.

Where it is claimed that donations have been made and no delivery of any kind is shown, the evidence should be carefully scrutinized and should be definite, clear and convincing.

Accordingly, in a proceeding brought under sections 205 and 206 of the Surrogate's Court Act for the discovery and delivery of two bank books which the respondent claimed as gifts from his mother, who was about to go to the hospital, the evidence is insufficient to establish the gift claimed where it appears that the bank books were in a trunk in the apartment of the decedent where both she and the alleged donee were at the time when it was claimed the gift was made, and where no reason was given why the delivery of the books could not have been made and no delivery of any kind, either actual, symbolical or constructive, was proved.

APPLICATION under sections 205 and 206 of the Surrogate's Court Act to compel a discovery and delivery of property withheld.

*Mullen & Bloch* (*Harrison W. Gebhardt*, of counsel), for the petitioner.

*William R. White*, for the respondent.

SCHULZ, S. This was a proceeding brought under sections 205 and 206 of the Surrogate's Court Act for the discovery and delivery of property. The respondent interposed an answer claiming that a gift of two bank books was made to him by his mother, the decedent, who was about to go to a hospital as a patient. The only evidence of such a gift is that the decedent at that time is alleged to have said to her son, " Matthew, you will find my bank books in my trunk, and they are yours, and I won't come back,"

Surrogate's Court, Bronx County, April, 1924.          [Vol. 123

and to a witness at the same time, " Maggie, I am going to my long home.''

In *Beaver* v. *Beaver*, 117 N. Y. 421, 428, the court said: " The elements necessary to constitute a valid gift are well understood and are not the subject of dispute.   There must be on the part of the donor an intent to give, and a delivery of the thing given, to or for the donee, in pursuance of such intent, and on the part of the donee, acceptance.    *    *    *    But delivery by the donor, either actual or constructive, operating to divest the donor of possession of and dominion over the thing, is a constant and essential factor in every transaction which takes effect as a completed gift. Anything short of this strips it of the quality of completeness which distinguishes an intention to give, which alone amounts to nothing, from the consummated act, which changes the title.   The intention to give is often established by most satisfactory evidence, although the gift fails.''

In *Matter of Van Alstyne*, 207 N. Y. 298, 308, the opinion contains the following: " Because many gifts are sought to be shown by oral evidence after the donor's death, it is necessary for the public good to require clear and satisfactory evidence of the fact to prevent fraud and perjury.   There must be a delivery which results in a present change of dominion and ownership.   Intention or mere words cannot supply the place of an actual surrender of control and authority over the thing intended to be given.   (*Beaver* v. *Beaver, supra; Gannon* v. *McGuire*, 160 N. Y. 476; *Curry* v. *Powers*, 70 N. Y. 212; *Jackson* v. *Twenly-third St. R. Co.*, 88 N. Y. 520; *Matter of Bolin*, 136 N. Y. 177; *Rideen* v. *Thrall*, 125 N. Y. 572.)''

It also contains a quotation from Thorton on Gifts and Advancements (§ 140) as follows: " In determining whether there has been a valid delivery, the situation of the subject of the gift must be considered.   Thus if it is actually present, and capable of delivery without serious effort, it is not too much to say that there must be an actual delivery, although the donor need not in person or by agent hand the article to the donee, if the latter assumes the possession.''

In cases of this kind where it is claimed that donations have been made and no delivery of any kind is shown, the evidence should be carefully scrutinized and should be definite, clear and convincing. *Matter of Housman*, 182 App. Div. 37; affd., 224 N. Y. 525; *Matter of Manhardt*, 17 App. Div. 1; *Matter of O'Connell*, 33 id. 483; *Matter of Schroeder, No. 1*, 113 id. 204.

It appears that the bank books were in a trunk in the apartment of the decedent where both she and the alleged donee were at the time when it was claimed the gift was made.   No reason was shown

why the delivery of the books could not have been made and no delivery of any kind, either actual, symbolical or constructive, has been proven. Under the authorities, the evidence appears to me to be insufficient to establish the gift claimed.

I, therefore, determine that the title to the bank books and the deposits evidenced thereby is in the estate of the decedent and should be delivered to her personal representatives. Costs to the petitioner payable out of the estate. Settle decision and decree accordingly.

Decreed accordingly.