J. RUSSELL HUNDLEY, Appellant, v. GEORGE MCBLAIR, Respondent.— Order affirmed, with ten dollars costs and disbursements, upon authority of *Ritzwoller* v. *Lurie* (204 App. Div. 768). Kelly, P. J., Manning, Kelby, Young and Kapper, JJ., concur.

In the Matter of Acquiring Title by the CITY OF NEW YORK to Certain Lands and Premises, etc., 18th Avenue, between 47th and 48th Streets, in the Borough of Brooklyn, City of New York, etc., for School Purposes, etc. CHARLES L. CRAIG. as Comptroller of the City of New York, Appellant; CHARLES PARTRIDGE and Another, Respondents.— Appeal dismissed, without costs, on the ground that the appellant is not a party aggrieved, and, therefore, has no right to appeal. No opinion. Kelly, P. J., Rich, Kelby, Young and Kapper, JJ., concur.

In the Matter of Acquiring Title by the CITY OF NEW YORK to Certain Lands and Premises, etc., Bounded by Union Street, Classon Avenue and President Street, in the Borough of Brooklyn, City of New York, etc., for School Purposes, etc. CHARLES L. CRAIG, as Comptroller of the City of New York, Appellant; CHARLES PARTRIDGE, Respondent.— Appeal dismissed, without costs, on the ground stated in *Matter of City of New York* [*18th Ave.*] (*ante*, p. 884), decided herewith. Kelly, P. J., Rich, Kelby, Young and Kapper, JJ., concur.

In the Matter of the Estate of ANDREW EDWARD GLASGOW, Deceased. WILLIAM J. GLASGOW, as Executor, etc., Appellant, v. MINNIE A. GLASGOW, Respondent.— Decree of the Surrogate's Court of Westchester county reversed upon the law and the facts, in so far as it dismisses the proceeding as to the specific Liberty bonds and diamond stud described in the amended petition; and this court decrees that the executor is entitled to possession of said property, and directs delivery thereof to him. (Surr. Ct. Act, §§ 205, 206.) The evidence of the respondent as to personal transactions with her deceased husband in her attempt to establish a gift *inter vivos* of this specific property, was erroneously admitted; the petitioner had not interrogated the respondent as to personal transactions with decedent, and she was barred from testifying as to such transactions. (Civ. Prac. Act, § 347; *Matter of Housman*, 182 App. Div. 37; *Matter of Meehan*, 59 id. 156; *Matter of Benioff*, 73 Misc. Rep. 493; *Tilton* v. *Ormsby*, 10 Hun, 7; affd., 70 N. Y. 609.) As to the proceeds of the check for $10,000 cashed by the respondent prior to her husband's death, the decree of the surrogate is affirmed. (*Matter of Hyams*, 237 N. Y. 211; *Matter of Heinze*, 224 id. 1; *Matter of Kingsley*, 111 Misc. Rep. 528, and cases cited.) Costs to both parties, payable out of the estate. Kelly, P. J., Rich, Jaycox, Young and Kapper, JJ., concur. Settle order on notice.