## In the Matter of the Estate of STEPHEN S. WALSH, Deceased.

Surrogate's Court, New York County, February 18, 1932.

*Harold Flatto*, for the executor.

*James M. Kelly*, for the respondents.

FOLEY, S. At the completion of the trial in this discovery proceeding, two questions were submitted to the jury: (1) Was there an absolute gift by the decedent to the respondent of certain certificates of the par value of $5,450 in the Morris Plan Company of New York? (2) Was there a valid gift of a certain insurance policy or the proceeds thereof by the decedent to the respondent? In their special verdict the jury answered " no " to each question and in effect found there had been no valid gifts and that the disputed assets were the property of the estate. A motion was made by the respondent to set aside the verdict. The motion is denied. The

principal testimony in support of the alleged gift was given by the respondent and by her attorney. The executor, on behalf of the estate, because of the circumstances surrounding the alleged gifts, was unable to offer direct testimony contradicting them. There was no other witness present at the time of the alleged gifts. The executor, therefore, relied upon the improbability of the respondent's version, the fact that the respondent's evidence did not establish the absolute gift of either asset, and upon the lack of credibility of the two witnesses as affected by their interest in the outcome of the proceeding. It was contended by counsel for the respondent upon the trial that the evidence conclusively proved the validity of the transfers and that a direction of a verdict should have been made. The motion for a direction was denied by the surrogate. The testimony of the respondent and her attorney might have enabled the jury to find that valid gifts were made despite the fact that the witnesses were interested. (*Coutant* v. *Mason*, 221 N. Y. 49.) It did not compel such a finding. The credibility of the witnesses by reason of their possible interest in the outcome was for the jury to determine. (*Matter of Kindberg*, 207 N. Y. 220, at p. 226, and cases therein cited.) In my opinion the verdict of the jury and their determination of the question of fact should stand.

(1) The certificates in the Morris Plan Company were non-negotiable in form. They were registered in the name of the decedent. They were transferable, under their terms, only upon the books of the company. The alleged gift took place about December 24, 1928. On the day of the gift it is claimed that the certificates were turned over to her attorney by the respondent. An examination of the certificates by him at the time of the alleged gift would have revealed that an assignment subscribed by the decedent was necessary to effect a proper transfer of the certificates to the respondent. He did not procure such assignment on that day. Moreover, the attorney retained the certificates in his possession for over a month until February 6, 1929, when the decedent died. He did nothing during that time either to secure a written assignment by the decedent, or to otherwise effectuate the transfer of the certificates. While an absolute gift by manual delivery of the certificates without a written transfer would have been valid (*Ridden* v. *Thrall*, 125 N. Y. 572), the circumstances permitted the jury to infer that a gift was never made. Moreover, the evidence of the respondent herself tended to show that the decedent retained dominion and control over the property after the alleged transfer. The interest due on the certificates on January 1, 1929, after the date of the alleged gift, was kept by the decedent and was not turned over to the respondent. The decedent resided with her. The bonds

were kept by him in her home. She had access to them, which admitted also of the inference that she might have obtained them surreptitiously before his death, or they may have been placed in her possession for safekeeping only. The course of conduct between the parties was consistent with the retention of title and income by the decedent, and mere custody by the respondent or her attorney. (*Matter of Bolin*, 136 N. Y. 177; *Matter of Humphrey*, 183 N. Y. Supp. 133.) The jury may well have found that the necessary elements of a gift — intention and delivery — and an absolute parting with the title to the certificates — had not been proven. (*Matter of Van Alstyne*, 207 N. Y. 298; *Beaver* v. *Beaver*, 117 id. 421; *Matter of Martin*, N. Y. L. J. Feb. 19, 1929; affd., 228 App. Div. 798; affd., 254 N. Y. 589; *Matter of Housman*, 182 App. Div. 37; affd., 224 N. Y. 525; *Matter of Cofer*, 121 Misc. 292.)

(2) The verdict with respect to the insurance policy should likewise remain undisturbed. The policy was industrial in form with the usual facility of payment clause. Primarily, the proceeds belonged to the estate. (*McCarthy* v. *Prudential Life Ins. Co.*, 252 N. Y. 459; *Zornow* v. *Prudential Life Ins. Co.*, 210 App. Div. 339.) The alleged gift took place two years before decedent's death. The words of gift were not explicit, but admitted of the inference that the decedent had merely permitted his sister, the respondent, to advance the premiums to keep the policy from lapsing. Her first testimony was that he had paid several of the weekly premiums after the alleged transfer to her. This circumstance would be inconsistent with the prior absolute gift. The respondent subsequently changed her testimony and claimed that she paid all of the premiums after the transfer. Even if true, the payment of premiums by her was consistent with the loan of that amount to the decedent for which she would have an equitable lien upon the proceeds of the policy. (*McCarthy* v. *Prudential Ins. Co.*, *supra*.)

In view of the verdict of the jury that there was no valid gift, the surrogate holds that the respondent is entitled to retain the sum of twenty dollars, the amount of premiums advanced by her, and also the sum of fifty dollars, which it is conceded was paid by her for certain expenses of decedent's last illness. The balance of the proceeds of the policy are payable to the estate.

Submit decree accordingly on notice directing delivery of the certificates and the remaining proceeds of the insurance to the executor.