Morris Hoffman et al., Appellants, *v.* James W. Brown, Public Administrator of Bronx County, as Administrator of the Estate of Alex Hoffman, Deceased, Respondent.

Supreme Court, Appellate Term, First Department, January 23, 1947.

*Meyer Levy* and *Leon Savage* for appellants.

*Dennis F. Riordan* for respondent.

Shientag, J. This action originally was brought against the Bowery Savings Bank to recover a balance on deposit therein

to the credit of the above-named decedent which, during his lifetime, he had assigned to the plaintiffs. By an order of interpleader the bank had the Public Administrator substituted as a party defendant.

The basis of the action was the assignment of the bank account, accompanied by a delivery of the bankbook, to the plaintiffs by the decedent in his lifetime, which bankbook they thereafter retained. The plaintiffs-appellants are the brother and sister-in-law of the decedent. The evidence of disinterested witnesses clearly established that the decedent, acting on his own accord, fully recognizing the valuable services rendered to him by the plaintiffs for many years past, gave them his bankbooks and the proceeds thereof, as compensation for such services which were to be continued up to the time of his death. The court's decision, in part, reads as follows: " Decedent, a bachelor, lived with plaintiffs, his brother and sister-in-law, for some eighteen years. During the latter part of his lifetime he was a very sick man and much bedridden, during which time plaintiffs cared for him and nursed him. Having lost all hope of the future, in November, 1941, decedent delivered his bankbooks to plaintiffs and spoke words of assignment in their regard. All this comes by way of admissions by decedent to disinterested witnesses. No disinterested witness was present when the delivery of the bankbooks took place. The words of assignment imported that the bankbooks were delivered not only as consideration for past services, but for services to be rendered to decedent so long as he lived. Thus, there was contract which could not be performed until the end of a lifetime. In February, 1942, decedent died."

The court ruled, however, that the Statute of Frauds was a bar to recovery, the plaintiffs having " failed in their proof that decedent fully performed the contract alleged in the complaint." This, we believe, constituted error. The evidence of disinterested witnesses clearly established the transaction alleged in the complaint and full performance by all of the parties.

The Statute of Frauds creates a bar to bringing an action against a party to be charged unless the agreement be in writing and subscribed by him, where performance is not to be completed before the end of a lifetime. In the instant case the plaintiffs have not brought an action against the estate of the decedent, or sought the enforcement of an oral agreement, executory in its character. They seek recovery from the bank of proceeds of a bank account which, for a valuable considera-

tion, had been assigned to them by the decedent during his lifetime.

Bankbooks, as choses in action, have been made assignable by statute. Such an assignment may be effected by parol. A bankbook may be assigned by mere delivery, without a writing. (*Ridden v. Thrall*, 125 N. Y. 572, 579; *Matter of Adler*, 107 Misc. 574, affd. 191 App. Div. 40; *Loucks* v. *Johnson*, 70 Hun 565.) It was not incumbent on plaintiffs to assert their claim against the bank during the four months that intervened between the delivery of the bankbook to them and the death of the decedent.

The Public Administrator contends that in an affidavit by one of the plaintiffs, which it was stipulated might be considered as a bill of particulars of the claim asserted, it was set forth that the bankbooks were assigned and delivered to plaintiffs in consideration of the services they had rendered and the support they had given to him in the past and on their undertaking to continue such services and support in the future. That contract, according to the evidence in the case, was completely performed and is not subject to attack on the ground that it was an oral agreement. When the bankbooks were assigned and surrendered to plaintiffs unconditionally, four months prior to the death of the decedent, the latter had fully completed his performance. There was nothing more for him to do and all that was necessary was for the plaintiffs to continue to take care of him until his death. If they had not done so, there might be a question of partial failure of consideration, but since it is apparent that they did fully perform, there can be no question as to the validity of the contract. The assignment of the bankbook in suit was completely effectuated and the Public Administrator has no interest in it.

The judgment below should be accordingly reversed, with costs, and judgment directed in favor of the plaintiffs, for the relief demanded in the complaint, with costs.

HAMMER and HECHT, JJ., concur.

Judgment reversed, etc.