Per Curiam.

By the alleged gift made some two months before death, there has been transferred to respondent and to relatives nearly all of the shares' of stock owned by decedent. Only a few shares went to decedent’s wife, to whom decedent had been married for over thirty-seven years.
“ The law never presumes a gift.” (Matter of Bolin, 136 N. Y. 177, 180.) To establish a valid gift inter vivos of the certificates of stock to him, the burden rested upon respondent to show by definite, clear and convincing evidence (1) an intention to give; (2) delivery of the thing given to the donee pursuant to that intention and (3) acceptance of the gift by the donee. (Matter of Housman, 182 App. Div. 37, 39, affd. 224 N. Y. 525; Beaver v. Beaver, 117 N. Y. 421, 428; Matter of Van Alstyne, 207 N. Y. 298, 306.)
There was no proof of a present and absolute delivery of the certificates of stock or the stock powers relating thereto. Bespondent had access to decedent’s apartment where the stock powers had been kept. For a long time, too, he possessed a power of attorney over decedent’s safe deposit box where the stock certificates were placed. Possession by respondent of the stock powers and the stock certificates was no more consistent *724 with gift than with custody and safe keeping as agent for decedent. (Grey v. Grey, 47 N. Y. 552, 555.) The three identically worded letters of July 23d signed by decedent were in the circumstances here insufficient substitutes for intent and delivery for purposes of gift. These letters of instruction to transfer the various stocks to the “name as indicated in each” stock power were all in respondent’s handwriting. The name of each transferee in the stock powers was also written by respondent. The respondent admitted too that most of the witnesses’ signatures on the stock powers were signed by him. Where, when and under what circumstances the names of alleged donees were written on the stock powers does not appear.
There was no explanation by respondent as to why three identical letters of instructions, all bearing the same date, were used to effectuate the transfers. Nor was there any explanation as to why on two of the letters, lines were drawn before the decedent’s signature indicating that large spaces may have existed when the signature of decedent was obtained. Of considerable significance too is the obvious difference in ink on at least one of the letters, showing the names of the stock certificates to be transferred in one color ink and the body of instructions in another. Nor is there any explanation as to why witnesses whose names appeared on the stock powers did not actually witness the signature thereto by decedent.
In our view the evidence was insufficient to show that decedent intended to make a gift of the stock to respondent or that he voluntarily made delivery.
The decree should be reversed, with costs to the appellant payable out of the estate, and respondent directed to deliver to the estate all the stocks obtained by him as set forth in the petition, and the matter remitted to the Surrogate of the County of Bronx for further action in accordance with this opinion..
Glennon, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ.
Decree unanimously reversed, with costs to the appellant payable out of the estate, and the respondent directed to deliver to the estate all the stocks obtained by him as set forth in the petition, and the proceeding remitted to the Surrogate of the County of Bronx for further action in accordance with the opinion of this court. Settle order on notice.