In the Matter of the Estate of SIMON H. KUGEL, Deceased.

Surrogate's Court, New York County, March 1, 1948.

62

*Cullen & Dykman* for Hilda K. Haberman, as executor of Simon H. Kugel, deceased, petitioner.

*Nathan Messinger* for Joseph L. Kugel, as executor of Simon H. Kugel, deceased, petitioner.

*Murray I. Gurfein* and *Christopher J. Taylor* for Sura Kugel, respondent.

COLLINS, S. In this discovery proceeding, the executors seek to compel the delivery to them of certain moneys and personal property withheld by the respondent, the widow of the decedent. The moneys sought to be recovered are the proceeds of a checking account opened in the First National Bank of Daytona Beach, Florida, in the name of " Simon or Sura Kugel." The evidence indicates that the funds deposited from time to time were those of the decedent. Under the terms of the contract with the bank " either one or both or the survivor " were to sign checks. The issue presented is whether under the form of the account the moneys remaining in the bank at the date of the decedent's death passed to his estate or to his

widow. It is conceded that since the contract was made in the State of Florida concerning property having its situs there the law of that State governs the determination of the question. The widow asserts title to the account as tenant by the entirety. She contends that upon her husband's death the funds remaining in the account vested in her as surviving spouse, and that the withdrawal of the funds by her was proper. Under Florida law, tenancies by entireties exist in personal property as well as in realty. (*Bailey* v. *Smith*, 89 Fla. 303.) Such an estate is indicated where property is specifically held in the name of both husband and wife unless there is proof showing a different character of estate. The executors contend that there is no presumption of a gift of the balance to the survivor where a checking account is maintained in the form here present. That contention would appear to be correct where the parties are not husband and wife. In Florida, the doctrine of the right of survivorship either in personal property or in real estate held by joint tenants does not prevail except in the case of an estate by entirety (Florida Statutes [1941], § 689.15). However, it is urged that there can be no estate by entirety here because there is lacking one of the essential characteristics of such an estate, that is, that neither tenant can dispose of any part of the estate without the other joining in such transfer; that since either one could draw any part or all of the funds without the joinder of the other, either spouse could defeat the right of the other to take the whole estate as survivor. In that respect it should be noted that both parties signed their names on the signature card of the bank. They thereby expressly consented to the withdrawal of the funds by either or both and thus in effect joined in the transfer by either one or the other. The Surrogate accordingly holds on the authority of *Bailey* v. *Smith* (*supra*) that a tenancy by the entirety was created in the bank account and that title to the proceeds vested in the widow. The cases of *Cerny* v. *Cerny* (152 Fla. 333) and *Webster* v. *St. Petersburg Fed. Sav. and Loan Assn.* (155 Fla. 412) cited by the executors in support of their contention, are clearly distinguishable from the situation here. In neither of these cases were the joint accounts in the names of husband and wife. Consequently the rule that no right of survivorship in joint property prevailed controlled the disposition of these cases. The case of *Jones* v. *Ferguson* (150 Fla. 313) also referred to by them has no application whatever to the facts here. No question of an estate by the entirety was there involved.

In respect of the articles of personal property sought to be recovered, the respondent has relinquished all claims to items 1, 9, 11, 13, 14 and 15 referred to in paragraph 4 (b) of the petition and items 2 and 3 of paragraph 4 (c). She testified that items 7, 8, 10, 12 and 22 of paragraph 4 (b) and the hatbox (item 4 [c] 5) were at no time in her possession and in the absence of any other proof on that phase recovery as to these items must be denied. As to items 2 to 6 inclusive, of paragraph 4 (b), consisting of a gold wrist watch, cuff links and studs, the respondent asserts ownership and title by way of gift from the decedent. Upon the hearing it was established that these articles belonged to the decedent. The testimony also disclosed that at various times during the lifetime of the decedent the respondent wore the wrist watch on her wrist. She also wore a blouse requiring studs and cuff links. She admitted that the studs and cuff links were those which had been owned by the decedent. From these facts the court is asked to presume that the decedent intended to make a gift of these articles to the respondent. " The law never presumes a gift." (*Matter of Bolin,* 136 N. Y. 177, 180; *Nay* v. *Curley,* 113 N. Y. 575; *Grey* v. *Grey,* 47 N. Y. 552.) To establish a valid gift *inter vivos* there must be shown by clear and convincing evidence (1) an intention to give, (2) delivery of the thing given to the donee pursuant to that intention, and (3) acceptance of the gift by the donee (*Matter of Kelly,* 285 N. Y. 139; *Matter of Van Alstyne,* 207 N. Y. 298; *Beaver* v. *Beaver,* 117 N. Y. 421; *Matter of Housman,* 182 App. Div. 37, affd. 224 N. Y. 525).

A somewhat similar situation was present in *Matter of Kelly* (*supra*). There the widow of the testator had purchased during his lifetime out of her own funds a valuable diamond ring which she had planned to give to her son. The latter refused to accept delivery on the ground that it was " too flashy." The testator then wore the ring for a number of years prior to his death. Judge RIPPEY, who wrote on behalf of the court on this phase of the case said (pp. 149–150) : " The mere fact, if it were a fact, under the circumstances disclosed at the time of the attempted gift to the son, that the ring was then left in the possession of the deceased, gave rise to no presumption of any intent on the part of the claimant to give the property to the husband or to divest herself of title thereto. There is no evidence that she then left the ring in his possession. But had it appeared that claimant then left the ring in the possession of the husband while they were living together as husband

and wife at the same place and under the circumstances here disclosed, that possession would be insufficient to establish a valid gift to him (*Brink* v. *Gould*, 7 Lans. 425) in the absence of proof of a perfected gift. If there were any change at all in the status of the property in the mere circumstances that she let the husband take possession of it and use it, it would amount to nothing more than that the custody thereof was joint and joint custody negatives any idea of a gift (*Young* v. *Young*, 80 N. Y. 422). No presumption can arise that the ring was then delivered into the possession of the husband with intention on the part of the claimant to part with title thereto from the mere fact, as found, of subsequent possession or use by the husband (*Jackson* v. *Kraft*, 186 Ill. 623; *Chadbourn* v. *Williams*, 45 Minn. 294; *Stickney* v. *Stickney*, 131 U. S. 227).'' The Surrogate holds that the respondent has failed to establish a valid gift to her of these articles. They must be returned to the executors.

Under paragraph '' Fourth '' of the will the decedent bequeathed to his wife all of his '' household goods, furniture and furnishings '' in any house or residence of his at the time of his decease. The Surrogate holds that items 16, 17, 18, 19, 20 and 21 of paragraph 4 (b) passed to the respondent under this paragraph. Items 1, 4 and 5 of paragraph 4 (c), except the hatbox, also passed to the respondent under the paragraph. These latter items which include a silver tea service and tray, a Dutch silver jewel box and certain luggage, were acquired by the decedent from the estate of his former wife who had predeceased him. It is asserted by the executors that the decedent had only a one-third interest in these articles as a distributee of such wife's estate. So far as it appears here, however, distribution of her estate had been completed and releases acknowledging receipt of their distributive shares had been duly signed and executed by all of the distributees. If there were an oral understanding between the decedent and his children as to their interests in the property passing from their mother's estate, there is no legal basis, in the face of the proof in the record, of avoiding the legal effect of the execution and exchange of the releases. These articles are held to be the property of the decedent and pass to the respondent under his will. They should be returned to the executors.

Submit decree on notice accordingly.