In the Matter of the Estate of HORACE McCREDY, Deceased. MARY WRIGHT, as Administratrix of the Estate of Horace McCredy, Deceased, Appellant; MERTON L. McCREDY, Respondent.

Third Department, November 10, 1948.

*Fred J. O'Donnell* for appellant.

*Orange L. Van Horne* for respondent.

DEYO, J. Appeal from a decree of the Surrogate of Otsego County, made August 16, 1947, in a discovery proceeding adjudging the petitioner to be the owner of certain bank accounts.

The decedent, some weeks before his death, and on July 29, 1944, handed the petitioner, who was his nephew, an envelope containing bank books representing the accounts in question standing in decedent's name. The words of gift relied upon as testified to by a disinterested witness and corroborated by others, were, " ' Wait a minute Mert, I've got something for you. * * * This is all I've got and you take care of me while I live and when I die I want you to bury me, and what is left is yours when I am through. ' "

The petitioner made no disclosure of the alleged gift to the other relatives until a month after decedent's death on September 5, 1944, and in fact participated or at least acquiesced in a search of the decedent's home in an effort to find the bank books. The circumstances surrounding the alleged gift and the acts and conduct of the petitioner thereafter are inconsistent in many particulars, and in some instances fraught with suspicion. However, the learned Surrogate saw and heard the witnesses and had full opportunity to observe their appearance and the manner in which they gave their testimony. When truth hangs upon the credibility of witnesses the decision of the trial court should be given the greatest weight. (*Amend* v. *Hurley,* 293 N. Y. 587, 594.) We are not prepared to brand the witnesses who supported the petitioner's claim as perjurers solely on suspicion, and therefore adopt the findings of the Surrogate sustaining the gift.

The second question relates to the sufficiency of the words of gift employed to effectuate a gift *inter vivos* as a matter of law. Delivery of a savings bank passbook with intent to pass title is a consummated gift. (*Ridden* v. *Thrall,* 125 N. Y. 572; *Baxter* v. *Gillen,* 179 App. Div. 902; *Matter of Welsh,* 49 N. Y. S. 2d 591.) To establish a valid gift it must appear that there was a delivery of the property to the donee with an intent upon the part of the donor to immediately divest himself of all title and right thereto. (*Matter of Green,* 247 App. Div. 540, 544.) In the instant case delivery has been established and the accompanying words of gift indicate the necessary intent to establish a present gift *inter vivos.* Nothing was reserved by the donor except a right to demand support from the petitioner and a claim for funeral expenses. The gift was thus absolute and would be upheld as such even though the donor had reserved the right to withdraw such amounts as he might desire. (*Hanigan* v. *Wright,* 233 App. Div. 82, affd. 257 N. Y. 602; *Hoffman* v. *Brown,* 188 Misc. 262.) The decree should be affirmed, with costs.

HILL, P. J., HEFFERNAN, FOSTER and RUSSELL, JJ., concur.

Decree affirmed, with costs. [See *post,* p. 1085.]