MINNIE HINDUS, Respondent, *v.* LESTER M. NEWBURGER et al., as Copartners, Respondents, and FLORENCE SLUTSKY, Individually and as Executrix of SAMUEL SLUTSKY, Deceased, Impleaded Defendant-Appellant.

First Department, October 16, 1951.

*Douglas E. Mathewson* of counsel (*James A. Smyth,* attorney), for appellant.

*Joseph S. Catalano* of counsel (*William J. Woods* with him on the brief; *Ignatius, McFadden & Catalano,* attorneys), for plaintiff-respondent.

*Osmond K. Fraenkel* for defendants-respondents.

*Per Curiam.* This action concerns the title to shares of stock which the trial court held were given by decedent Samuel Slutsky in his lifetime to his sister, the plaintiff Minnie Hindus. From this determination his widow, Florence Slutsky, appeals, contending that no gift *inter vivos* was effected to decedent's sister, and that these shares belong to his estate, of which she is the executor and sole legatee. Samuel Slutsky died unexpectedly during middle age on August 27, 1948, at New Haven, Connecticut, where he lived.

Two months previously he and his wife had flown to California for a month's vacation. Just before their departure, and upon June 28, 1948, he called upon his brother Aaron Slutsky, a stockbroker, who occupied office space with a firm known as Newburger, Loeb & Co., at 40 Wall Street in New York City. According to the testimony of Aaron, decedent brought with him four stock certificates upon this occasion, representing 200 shares of Jones & Laughlin Steel Corporation common and 200 shares of Northwest Airlines preferred stock, and handed the certificates to Aaron with the remark that they were to be held by him as a gift to his sister Minnie Hindus, but that the dividends were to continue to be paid to decedent. They were accompanied by stock powers signed by decedent in blank. Several others of his relatives testified to declarations by decedent that he had made a gift of stock to his sister.

These stock certificates never reached Minnie Hindus, nor were they retained in the possession of Aaron, who handed them to the cashier of Newburger, Loeb & Co. while decedent waited in the office. Newburger, Loeb & Co. issued a receipt running neither to Aaron nor to Minnie Hindus, but to decedent. It stated that these shares were " Received of Samuel Slutsky " for his " Credit Account ". This receipt was handed by Aaron to decedent who had been waiting for it in the office of Newburger, Loeb & Co. It was found among decedent's effects after his death. Leaving stock certificates accompanied by stock powers with a brokerage firm to facilitate future sale is not an uncommon practice, especially while the owner is away from home. It would have enabled decedent to make delivery if he had decided to sell any of these shares while in California. Such an act, in itself, had no tendency to establish a gift to any person.

Such a gift must be established by definite, clear and convincing evidence (*Matter of Housman,* 182 App. Div. 37, 39, affd. 224 N. Y. 525; *Beaver* v. *Beaver,* 117 N. Y. 421, 428; *Matter of Van Alstyne,* 207 N. Y. 298, 306). These stock certificates manifestly could not have been taken from the possession of New-

burger, Loeb & Co. by Aaron Slutsky or by Minnie Hindus nor the shares transferred to either of them, without further authorization from Samuel, for whom the receipt stated· that they were held. Now that Samuel has died, the court is asked, on testimony consisting of oral statements by more or less interested persons (since Minnie Hindus is a family charge), to supply such an authorization in behalf of decedent by a declaratory judgment in this action. The oral testimony by Aaron and by other witnesses of declarations by Samuel that he had made such a gift, contradicts the written receipt given to decedent immediately after he handed the stock certificates to his brother Aaron in the brokerage office. That is the only delivery claimed to have ever been made to complete a gift to Minnie Hindus. This oral testimony is held not to vary the written receipt, which is the contract of bailment under which the certificates were received from decedent by Newburger, Loeb & Co. Aaron Slutsky, who had desk space in this office, is shown by the receipt (which was prepared by the cashier as he directed, and which he delivered to decedent by his own hand) to have been merely an intermediary in transferring possession of the stock certificates to Newburger, Loeb & Co. and in delivering the latter's receipt to decedent.

Even if oral evidence could be received to vary the terms of this written receipt, the evidence in this case, including the receipt, does not have the probative force required by the decisions of the courts to establish delivery in order to complete an *inter vivos* gift by a person who is deceased at the time of the trial. Delivery of the gift alleged in the complaint has not been proved.

The judgment appealed from should be reversed, with costs to the appellant, and the shares of stock described in the complaint should be held to be the property of Florence Slutsky as executrix under the last will and testament of Samuel Slutsky, deceased.

DORE, J. P., COHN, CALLAHAN and VAN VOORHIS, concur; SHIENTAG, J., dissents and votes to affirm.

Judgment reversed, with costs to the appellant and the shares of stock described in the complaint held to be the property of Florence Slutsky as executrix under the last will and testament of Samuel Slutsky, deceased. Settle order on notice.