In the Matter of the Estate of CHARLES MILLER, Deceased.

Surrogate's Court, Monroe County, December 4, 1951.

*Samuel Chikovsky* for August J. Kronk, as administrator of the estate of Charles Miller, deceased, petitioner.

*Arthur Rathjen* and *William R. Baxter* for Sarah F. Miller, respondent.

WITMER, S. As administrator of the estate of Charles Miller, deceased, petitioner seeks to recover of Sarah F. Miller, respondent, in this discovery proceeding the balance on deposit in the Rochester Savings Bank in the name of Sarah F. Miller in trust for the deceased. Respondent was the deceased's sister-in-law. They did not live in the same dwelling, and there is no evidence that she cared for the deceased prior to his death nor that he in anywise was indebted to her. It appears that in 1937 decedent had on deposit in his name in said bank the sum of $9,407.24, and on May 21st of that year he transferred $3,407.24 thereof to a joint account in the names of himself and respondent with the provision that " either or survivor may withdraw ". At the same time he transferred the sum of $6,000 to the name of respondent in trust for himself. No withdrawals were made from either account thereafter prior to decedent's death. It is only the latter account with which we are now concerned. Respondent had possession of the bank book for this account at decedent's death, but there is no evidence as to how she obtained possession thereof.

Respondent claims that decedent completed an *inter vivos* gift to her of the $6,000 in 1937, that it was merely set up in a *Totten* trust form of account to protect decedent as to any funds therein in the event she predeceased him (*Matter of Totten,* 179 N. Y. 112), and that she was at all times after its creation the absolute owner of the account; and hence she asks for dismissal of the petition.

No question is raised concerning the joint account because that was saved to respondent by the statute now known as subdivision 3 of section 239 of the Banking Law. However, had that been a commercial bank account or had the account in issue been opened in a commercial bank as a joint account " either or survivor may withdraw ", upon the evidence here the mere possession of the bank book by respondent would be insufficient to establish the claimed gift. (*Matter of Bolin,* 136 N. Y. 177.) Does the mere possession of the bank book in this case establish a gift of the account to respondent?

Clearly, in the converse situation where the depositor unquestionably owns the account and transfers it to his own name in trust for another and delivers the bank book to such beneficiary, in the absence of proof of delivery of the book for a special purpose it amounts to a termination of the trust for the beneficiary, and his ownership thereof is thus perfected. (*Matter of Totten,* 179 N. Y. 112, 125–126, *supra*; *Davlin* v. *Title Guar. & Trust Co.,* 229 App. Div. 269, affd. 255 N. Y. 559; *Hanigan* v. *Wright,* 233 App. Div. 82, affd. 257 N. Y. 602.) This is also true as to the balance in the account of the depositor even though in creating the account he reserved the right to withdraw from the account from time to time during his lifetime such sums as he might need for his support and maintenance. (*Hanigan* v. *Wright, supra*; *Matter of McCredy,* 274 App. Div. 363.)

But it is doubtful that the above situations have any direct bearing on the case at bar, for in those cases admittedly a *Totten* trust had been created, and the rules of law with respect thereto were applied. Here there is no proof that a true *Totten* trust was created. The money belonged to the beneficiary, as was the case in *Matter of McLaughlin* (148 Misc. 113); *Matter of Milton* (148 Misc. 315), and *Matter of Farrell* (177 Misc. 389) wherein it was held that upon the death of the respective beneficiaries before the trustees, the legal representatives of the beneficiaries were entitled to the funds. In these latter cases, however, there was evidence that the accounts were created for the convenience of the beneficiaries, and after their creation the beneficiaries asserted an interest in them.

In *Davlin* v. *Title Guar. & Trust Co.* (229 App. Div. 269, affd. 255 N. Y. 559, *supra*) the facts were similar to the instant case except that the bank book was in the possession of the deceased beneficiary, and the court held that the beneficiary was the absolute owner of the account.

The case at bar is to be distinguished from *Belfanc* v. *Belfanc* (252 App. Div. 453, affd. 278 N. Y. 563), and *Matter of Braun* (194 Misc. 791) which are founded upon the relation of husband and wife.

Respondent relies upon *Matter of Massey* (143 Misc. 794) in which the facts are quite similar to the instant case, and in which the court held that the estate of the deceased beneficiary had the duty of proving that the trustee was not rightfully in possession of the account and owner thereof, and had failed to supply the required proof. In that case the Surrogate relied upon *Matter of Buckler* (227 App. Div. 146) and similar cases as to the importance of possession, which cases, however, did not involve the question of gift. Because of the significance of the question of gift, this court is unable to follow the ruling in *Matter of Massey* (*supra*).

It has been held (*Rawley* v. *Brown*, 71 N. Y. 85, 89) that " Possession of property alone and without explanation, is evidence of ownership; but is the lowest species of evidence. It is merely presumptive, and liable to be overcome by any evidence showing the character of the possession, and that it is not necessarily as owner. If the custody and possession is shown to be equally consistent with an outstanding ownership in a third person, as with a title in the one having the possession, no presumption of ownership arises solely from such possession." (And see *Matter of Duffy*, 127 App. Div. 74, 75.)

In the case at bar it stands admitted that the money originally belonged to the decedent; and since respondent's only claim thereto is by virtue of gift, the presumption arising from mere possession has been rebutted, and the burden of proof is upon her to establish the gift. (*Matter of Housman*, 224 N. Y. 525; *Matter of Cofer*, 121 Misc. 292, 294; *Matter of Greenberg*, 158 Misc. 446.) The evidence must be clear and convincing (*Matter of Housman, supra*; *Hindus* v. *Newburger*, 279 App. Div. 17; *Matter of Booth*, 215 App. Div. 516, 521) ; and since the relationship between the parties is of a fiduciary character, the court must scrutinize the proofs most closely. (*Matter of Cofer*, 121 Misc. 292, 297, *supra*; *Matter of Greenberg*, 158 Misc. 446, 448, *supra*; *Matter of Quant*, 63 N. Y. S. 2d 403, 407. " The evidence must show that the donor intended to divest herself

[himself] of the possession of her [his] property and it should be inconsistent with any other intention or purpose." (*Matter of Bolin,* 136 N. Y. 177, 180, *supra.*)

On the day of the transfers in this case the decedent established one account in the joint names of himself and respondent, with the right of survivorship. For some reason the account in question was transferred to respondent in trust for decedent. If the decedent wanted respondent to own the account upon decedent's death, the funds in this account could also have been placed in joint accounts, or they could have been deposited in decedent's name in trust for respondent; but those methods were not employed. In these circumstances respondent as a trustee stands in a different position than as if she had originally owned the funds and created the trust account. (See *Matter of Farrell,* 177 Misc. 389, 393, *supra.*) She has the burden of explaining why the different forms of account were opened by decedent, and of explaining to the court by clear and convincing evidence the circumstances under which she received the funds constituting the transaction, as she claims an absolute gift instead of an agency; and of showing that she accepted such gift, and that it was the intention of herself and decedent that a true *Totten* trust be created in the instant case. (Cf. *Matter of Chollar,* 200 Misc. 948.) Such proof is lacking, and all we have is the mere fact of possession of the bank book by respondent, which is as consistent with the theory that she held it for the convenience of and as agent for the decedent as that she was donee thereof. Upon the foregoing authorities, therefore, the court finds that the account remained the property of the decedent, and that petitioner is entitled thereto.

Submit decree accordingly.