Samuel Fails, S.
The executrix has instituted a discovery proceeding under section 205 of the Surrogate’s Court Act against two sisters of the decedent to recover possession of *123 six $1,000 United States Treasury, 2% coupon bonds. The respondents have interposed an answer alleging title to such bonds.
The testator died a resident of Westchester County on August 23, 1955, and his last will and testament, dated February 25, 1954, was duly admitted to probate by this court and letters testamentary thereon were issued to the petitioner on December 12, 1955.
The respondents’ claim of title to the bonds is predicated upon two documents which were submitted in evidence by them at the trial. The documents, dated March 6, 1954 and signed by the decedent, provide:
“ I * * * subject only to the reservation of my rights to withdraw all or any part of the following during my lifetime, as set forth below, for and in consideration of natural love and affection, for good and valuable considerations and the sum of $1.00 to me in hand paid, at or before the sealing and delivery hereof.
‘ ‘ Do hereby sell, and assign unto my sister * * * and to her legal representatives, all of my right, title and interest in and to the below described United States Treasury Bonds, payable to bearer, and aggregating Three Thousand ($3,000) Dollars, heretofore purchased by me * * *.
“It is expressly understood, however, that this gift and transfer is subject to diminution or revocation in whole or in part either as to principal and/or interest by me during my lifetime only, in the event that because of my personal need or for any other reason I desire so to do.” (Emphasis added.) Each of the instruments expressly guaranteed the decedent continuous access to the bonds.
The proof adduced at the hearing established that at the time of decedent’s death, the aforesaid two instruments were being held by an attorney subject to the order of decedent. No proof was offered to establish a delivery of such instruments to respondents. It was conceded by the respondents that they received no portion of the income produced by the bonds and that the entire income was retained by the decedent. The bonds arc bearer bonds which appear not to have been registered in the name of anyone, and the court therefore concludes that they remained negotiable. The bonds were originally placed in a safe-deposit box maintained by one of the respondents and remained there until September 21, 1954 when the bonds were transferred to a safe-deposit box maintained by the decedent where they remained until after decedent’s death. Prior to the time the bonds were trans *124 ferred to decedent’s safe-deposit box, decedent had access to them pursuant to the terms of the instruments which provided as follows: “ To insure my continuing physical access to the above bonds or their substitutes, I am retaining access to safe deposit box # * * * by virtue of Power of Attorney for that purpose issued to me by the said Pima. Flamenbattm. Inasmuch as this Power of Attorney is coupled with a definite interest as above set forth, said Power of Attorney is hereby declared by the said Pinia Flamenbaum to be irrevocable ”.
It is well established that the elements necessary to constitute a valid gift are an intent to give by the donor, coupled with a delivery of the thing given, and an acceptance by the donee. (Matter of Van Alstyne, 207 N. Y. 298; Beaver v. Beaver, 117 N. Y. 421.) In Matter of Van Alstyne (supra, p. 308) the court in an opinion by Chase, J., stated: “ There must be a delivery which results in a present change of dominion and ownership. Intention or mere words cannot supply the place of an actual surrender of control and authority over the thing intended to be given.”
In Viggiani v. Favata (257 App. Div. 346) the decedent orally directed his attorney to deliver upon his death, a bond and mortgage and certain assignments to his nephew. However, the documents were retained by the decedent and were in his possession at the time of his death. Even though the decedent had recorded an assignment of the bond and mortgage to his nephew, the court held that there was no valid gift because of the absence of the essential element of delivery.
In Matter of Humphrey (191 App. Div. 291) the decedent delivered stock to the respondent pursuant to an agreement that the dividends therefrom were payable to decedent during her lifetime and that in the event that the respondent predeceased the decedent, the stock would revert to the decedent. The court held that all the respondent received upon delivery of the stock was the possession thereof and pointed out that the decedent “ could have at any time revoked the transaction”. At page 293, the court in a decision by Page, J., stated: ‘ ‘ Until the donor has divested herself absolutely and irrevocably of the title, dominion and control of the subject of the gift she had power to revoke.” The court concluded that since the transfer could only become effective after the death of the decedent, there was no gift because the transaction was testamentary in form and thus void.
In Young v. Young (80 N. Y. 422) the decedent clearly manifested an intention to give certain bonds to his son, reserving to himself the interest from such bonds during his lifetime. *125 However, the court held that the decedent had failed to make a valid gift because he retained custody and control of the bonds during his lifetime. In so holding, the court in an opinion by Rapallo, J., at page 431, stated: “If therefore the donor retained the custody of the bonds for the purpose of collecting the accruing interest, or even if they were placed in the joint custody or possession of himself and the donee, there was no sufficient delivery to constitute a gift.”
The respondents have the burden of proving by clear and convincing evidence that the decedent did in fact make a valid gift. (Matter of Van Alstyne, 207 N. Y. 298, supra; Matter of Housman, 224 N. Y. 525.) The evidence adduced at the hearing established that the two instruments upon which the respondents rely to establish title to the bonds were not in their possession at the time of decedent’s death, but were in the possession of decedent’s lawyer subject to the order of decedent. Moreover, at no time did the respondents acquire exclusive possession, dominion or control over such bonds, and at most, one of the respondents shared with decedent a right of access to the bonds during certain periods of time subsequent to the execution of the instruments.
In view of the fact that the decedent had complete dominion and control over the bonds during his lifetime, coupled with the fact that he expressly reserved the absolute right to revoke all or any part of the alleged gift, the court concludes that no property rights in the bonds were conveyed to the respondents during the lifetime of decedent. The instruments were not executed in accordance with the provisions of section 21 of the Decedent Estate Law and, therefore, as an attempted testamentary disposition, they are void. Accordingly, the court determines that such bonds are estate assets and the respondents are directed to turn over and deliver the same to the executrix.
Settle decree.