■ In the Matter of the Estate of BARI NABIF, Deceased. RUKIYE WEFALI, Respondent; COUNTY TREASURER OF ROCKLAND COUNTY, as Adminis-

trator of the Estate of BARI NABIF, Deceased, Respondent; ALBERT N. ANDROSSOV, as Second Secretary and Consul of the Embassy of the Union of Soviet Socialist Republics, et al., Appellants.—In a proceeding to adjudge petitioner to be the owner of certain certificates of deposit, the intervenors appeal from a decree of the Surrogate's Court, Rockland County, dated July 6, 1978, which, after a nonjury trial, directed the County Treasurer of Rockland County, as administrator of the estate of Bari Nabif, to deliver the certificates of deposit to petitioner. Decree affirmed, with costs to petitioner payable by appellant Albert N. Androssov, Second Secretary and Consul of the Embassy of the Union of Soviet Socialist Republics. On December 18, 1976 Bari Nabif died intestate, the victim of an apparent suicide. The day before, December 17, 1976, the decedent told his longtime friends Abdullah Wefali and his wife, the petitioner Rukiye Wefali, that he wanted to add Mrs. Wefali's name to the certificates of deposit in question because he considered the Wefalis "the only people I have in the world". On the evening of December 17, the decedent and Mr. and Mrs. Wefali went to the bank and the decedent asked Doris Valentine, a bank employee, to make the certificates payable to himself and Mrs. Wefali jointly. Doris Valentine said she could not change the title on the certificates that evening because the computer was closed, but offered to change the title when she returned from her vacation in two weeks. The deceased asked if he could sign anything to indicate that he was changing the title, but Mrs. Valentine "assured" him he did not have to sign anything. Mrs. Valentine said that if Mrs. Wefali brought the certificates to the bank in two weeks, she would change the title and that decedent would not have to be present. The decedent handed the certificates to Mrs. Wefali in Mrs. Valentine's presence. The evidence establishes that the decedent delivered the certificates to Mrs. Wefali with the intent of effecting an immediate gift to her of a joint interest in the property. Consequently, he completed an *inter vivos* gift of the joint interest (see *Ridden v Thrall,* 125 NY 572; *Matter of McCredy,* 274 App Div 363; *Baxter v Gillen,* 179 App Div 902; *Shumsky v Dime Sav. Bank of Brooklyn,* 22 Misc 2d 20). Hopkins, J. P., Damiani, O'Connor and Mangano, JJ., concur.